J. Erik Heath, Esq. (SBN 304683)
J. ERIK HEATH, ATTORNEY AT LAW
369 Pine St., Ste. 410
San Francisco, CA 94104
Tel.:  (415) 426-7850
Fax:  (415) 449-6556
erik@heathlegal.com

Attorney for Plaintiff
OSKAR LIZARRAGA-DAVIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSKAR LIZARRAGA-DAVIS,<br>        Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.;<br>        Defendant. | Civil Action No. 5:18-cv-4081-BLF<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Fair Debt Collection Practices Act** |

1. OSKAR LIZARRAGA-DAVIS, Plaintiff, brings this action against Defendant TRANSWORLD SYSTEMS, INC., for its illegal collection practices that run afoul of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in the Northern District of California because a substantial part of the events giving rise to the claims occurred within the district.  *See* 28 U.S.C. § 1391(b)(1).

4. Pursuant to Local Rule 3-2(c) and (d), this action should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Benito County.

- 1 -
FIRST AMENDED COMPLAINT

PARTIES

5. Plaintiff **OSKAR LIZARRAGA-DAVIS** is a citizen of the United States, and is a resident of San Benito County, California.

6. Defendant **TRANSWORLD SYSTEMS, INC.** ("TSI"), is a California corporation, who regularly collects or attempts to collect debts, including the collection of student loan debts through various trust vehicles, such as the National Collegiate Student Loan Trust 2006-4. TSI's principal office is in Fort Washington, Pennsylvania, and TSI may be served with process through its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

## FACTUAL BACKGROUND
*TSI and National Collegiate Student Loan Trusts*

7. TSI is the agent and service provider for at least fifteen (15) different Delaware statutory trusts, known as the National Collegiate Student Loan Trusts ("NCSLTs"). Included in this group is the National Collegiate Student Loan Trust 2006-4 ("NCSLT 2006-4").

8. The NCSLTs are nothing more than securitized instruments, organized as Delaware statutory trusts. They are not business entities, and do not have any employees or a corporate structure.

9. Through an attorney network business unit, TSI engages law firms across the country to collect on defaulted private student loans by the voluminous filing of lawsuits in state courts. Even though TSI initiates and controls this litigation, the lawsuits are filed in the name of one of the several NCSLTs.

10. Since at least November 2014, the law firms hired by TSI have filed approximately 40,000 of such collection lawsuits nationwide (if not more by the time this complaint was filed). In these lawsuits, representatives from TSI have routinely executed affidavits that falsely claimed personal knowledge of the account records and the consumer's debt. Further, these lawsuits have been filed even though neither the law firm nor TSI possess the documentation necessary to prove ownership of the account by the respective NCSLT.

11. Because TSI does not have adequate records to prove its cases in court, its litigation model for the NCSLT accounts relies purely on volume and the assumption that very few of the targeted consumers will actually hire lawyers and/or adequately defend the lawsuits. Indeed, the vast majority of these lawsuits conclude with default judgments or consent judgments negotiated with *pro se* consumers. Because its lawsuits cannot be proven, when a consumer is represented by competent counsel, the NCSLT lawsuit will typically be dismissed voluntarily by the plaintiff before trial.

12. Based on the above allegations concerning the TSI's litigation practices for its NCSLT accounts, the Consumer Financial Protection Bureau pursued an administrative action against TSI in 2017 (Admin. Proceeding File No. 2017-CFPB-0018, hereinafter the "CFPB Administrative Action"). The CFPB alleged *inter alia* that the above actions by TSI constituted unfair and deceptive acts and practices. A stipulation and consent order were entered into between TSI and the CFPB on or around September 18, 2017. A true and correct copy of the stipulation is attached hereto as Exhibit A (the "TSI Stipulation"), and a true and correct copy of the consent order is attached hereto as Exhibit B (the "TSI Order").

13. Among the CFPB's findings were that TSI representatives routinely executed affidavits to support the NCSLT lawsuits without having any knowledge of the account records at issue, the record management practices and procedures, the source of records in its possession, any chain of title, or even whether a "Debt was in fact owed to the Trusts." (TSI Order, at ¶¶ 18-22.) TSI representatives routinely made these false statements "for fear of losing their jobs." (TSI Order, at ¶ 23.)

14. The CFPB also found that many of these 40,000 lawsuits were filed "even though the complete documentation needed to prove that the Trusts owned the loans did not exist," and "even though the promissory note to prove that a Debt was owed did not exist." (TSI Order, at ¶ 25, 28.) For each of these law suits, "Law Firms hired by [TSI] could not prove that a Debt was owed to the Trusts, if contested." (TSI Order, at ¶ 29.)

15. Based on these findings, the TSI Order required that TSI and its agents and attorneys cease the above unfair and deceptive practices, including but not limited to refraining from filing new lawsuits and the withdrawal of certain affidavits in existing lawsuits. (TSI Order, at ¶¶ 45-51.)

16. On September 18, 2017, the CFPB also filed a complaint directly against the NCSLTs (including National Collegiate Student Loan Trust 2006-4) in the United States District Court for the District of Delaware, Case No. 1:17-cv-01323 (hereafter the "CFPB Legal Action"). The complaint in the CFPB Legal Action alleges much of the same conduct outlined in the CFPB Administrative Action.

17. Contemporaneously with filing the complaint in the CFPB Legal Action, the CFPB also filed a consent judgment in the case.[1] A true and correct copy of the stipulation is attached hereto as Exhibit C (the "NCSLT Consent Order"). Once entered as a judgment, the NCSLT Consent Order requires the various NCSLTs, their attorneys, and services, to refrain from filing lawsuits unless documentation of ownership and a signed promissory note are in their possession. It also prohibits the NCSLTs and their attorneys from submitting false and inaccurate affidavits to courts in support of their law suits. (*See* NCSLT Consent Order, at ¶ 9.) It also requires that any pending NCSLT lawsuits based on false statements of account ownership or promissory notes be withdrawn. (*See e.g.*, NCSLT Consent Order, at ¶ 14.)

**FACTUAL BACKGROUND**
*Oskar Lizarraga-Davis*

18. Sometime in early 2017, Mr. Lizarraga-Davis received correspondence from the Law Office of Patenaude & Felix ("P&F"), alleging that he had an outstanding balance of more than $30,000 for a student loan debt owed to the National Collegiate Student Loan Trust 2006-4 ("NCSLT 2006-4").

19. Mr. Lizarraga-Davis had never done business with NCSLT 2006-4, nor had he ever taken out any loans with that entity.

---

[1] Apparently because a number of parties intervened in the case, the consent judgment has not yet been entered by the Court in that case.

- 4 -
FIRST AMENDED COMPLAINT

20. After receiving the letter from the collection attorney, Mr. Lizarraga-Davis requested verification of the debt pursuant to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692g.

21. On or around April 21, 2017, P&F sent Mr. Lizarraga-Davis a letter purporting to be verification of the student loan account, along with some minimal and incomplete documentation.

22. On May 15, 2017, Mr. Lizarraga-Davis requested NCSLT 2006-4, through its attorney, provide proof of ownership and payment history of the account at issue.

23. On May 19, 2017, the law firm representing NCSLT 2006-4 sent a response to Mr. Lizarraga-Davis, enclosing the same minimal and incomplete documentation it previously sent him.

24. On or around May 31, 2017, Mr. Lizarraga-Davis sent another request to the attorneys representing NCSLT 2006-4, again requesting certain account documents, including proof of ownership and an accounting history.

25. Mr. Lizarraga-Davis never received a response to his May 31, 2017, request.

26. Unbeknownst to Mr. Lizrraga-Davis at the time he sent his last two requests, NCSLT 2006-4 had already filed a lawsuit against him in the Superior Court of California, County of San Benito (Case No. CU-17-00083, filed May 6, 2017) (the "State Court Action").

27. On information and belief, TSI was the entity that initiated the lawsuit in the name of NCSLT 2006-4.

28. Mr. Lizarraga-Davis did not know about the NCSLT 2006-4 lawsuit until he was served with the summons on Sunday, July 16, 2017.

29. On July 18, 2017, after he was served with the summons, P&F sent him a letter, pressuring him to settle the account, which would "discontinue" the pending litigation.

30. On August 15, 2017, Mr. Lizarraga-Davis filed a *pro se* answer in the State Court Action, asserting among other defenses, "[l]ack of privity" and "[l]ack of standing."

31. A Case Management Conference was held in the State Court Action on October 4, 2017, during which time Mr. Lizarraga-Davis raised the issue to the Court that NCSLT 2006-4 would need to prove account ownership. At the case management conference, Mr. Lizarraga-Davis told the state court judge about the CFPB action against NCSLT.

32. Approximately six weeks later, a second case management conference was held in the state court case, at which time Mr. Lizarraga-Davis appeared in person with a paper copy of the CFPB action against NCSLT. In open court and in the presence of NCSLT's counsel, Mr. Lizarraga-Davis referenced the CFPB action against NCSLT, and drew a comparison between the actions outlined in the CFPB case and his own case. In response, the state court judge presiding over the conference urged Mr. Lizarraga-Davis to hire an attorney.

33. Upon information and belief, the documentation to prove the alleged debt even exists and is owed to NCSLT 2006-4 does not exist. TSI knows that this documentation does not exist, and that it could not have proven its case against Mr. Lizarraga-Davis if pressed to do so. In other words, TSI knew it could not prevail on the NCSLT 2006-4 against Mr. Lizarraga-Davis, but it moved forward with the litigation against him anyway. This is a deficiency that was even repeatedly brought to their attention by Mr. Lizarraga-Davis.

34. On or around late April 2018, shortly before the trial scheduled for May 18, 2018, NCSLT 2006-4 dismissed the case against Mr. Lizarraga-Davis without prejudice.

35. TSI's conduct towards Mr. Lizarraga-Davis parallels its litigation activity that the CFPB has found to be unfair and deceptive to consumers.

36. Mr. Lizarraga-Davis has suffered actual damages as a result of TSI's illegal conduct, including but not limited to emotional distress, and fees and expenses related to defending its meritless lawsuit in state court.

### CAUSE OF ACTION:
*Fair Debt Collection Practices Act*

37. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

38. Defendant TSI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

39. Defendant TSI uses the internet, mail and telephone communications in its business.

40. The principal purpose of Defendant TSI's business is the collection of debts.

41. Defendant TSI regularly collects, or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

42. The collection of the purported debt in this case is not incidental to a bona fide fiduciary obligation or bona fide escrow arrangement.

43. The purported debt at issue in this case was not originated by NCSLT 2006-4.

44. The purported debt at issue in this case was not originated by Defendant TSI.

45. The purported debt at issue in this case was in default at the time it was obtained by NCSLT 2006-4.

46. The purported debt at issue in this case was in default at the time it was obtained by Defendant TSI.

47. The purported debt at issue in this case was not obtained by Defendant TSI as a secured party in a commercial credit transaction involving the creditor.

48. Defendant's acts have violated the FDCPA. These violations include, but are not limited to, the following:

    a. Defendant has falsely represented the character, amount, or legal status of a debt, in violation of 15 § 1692e(2)(A);

    b. Defendant has threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 § 1692e(5);

    c. Defendant has used a false or deceptive means to collect or attempt to collect a debt, in violation of 15 § 1692e(10);

49. As a result of Defendant's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff, OSKAR LIZARRAGA-DAVIS, requests that this Court:

(a) Award Plaintiff actual and statutory damages;

(b) Award Plaintiff attorney's fees, litigation expenses, and court costs; and

(c) Grant Plaintiff such other and further relief as is just and proper under the circumstances.

Dated: October 8, 2018               J. ERIK HEATH, ATTORNEY AT LAW

                                     */s/ Jon Erik Heath*
                                     J. Erik Heath
                                     Attorney for Plaintiff
                                     OSKAR LIZARRAGA-DAVIS

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

Dated: October 8, 2018            J. ERIK HEATH, ATTORNEY AT LAW


                                               */s/ Jon Erik Heath*
                                               J. Erik Heath
                                               Attorney for Plaintiff
                                               OSKAR LIZARRAGA-DAVIS