J. Erik Heath, Esq. (SBN 304683)
J. ERIK HEATH, ATTORNEY AT LAW
369 Pine St., Ste. 410
San Francisco, CA 94104
Tel.:   (415) 426-7850
Fax:    (415) 449-6556
erik@heathlegal.com

Attorney for Plaintiff
OSKAR LIZARRAGA-DAVIS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSKAR LIZARRAGA-DAVIS,<br>    Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.;<br>    Defendant. | Civil Action No. 5:18-cv-4081-BLF<br><br>**DECLARATION OF J. ERIK HEATH IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:      July 25, 2019<br>Time:     9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge:    Hon. Beth L. Freeman |

I, J. Erik Heath, being first duly sworn, depose and state under oath as follows:

1. I am a member of the State Bar of California and admitted to practice law in all the courts of the State of California. I am in good standing with the Bar of this Court. I am over the age of 18 years, and am competent to testify. The facts contained in this declaration are within my personal knowledge, and I could and would testify truthfully to those facts if called under oath to do so.

2. I am counsel for Plaintiff in the above-styled action.

3. On January 17, 2019, I served discovery requests on Defendant. Included in the requests were Interrogatories and Requests for Admission. I also believed that I had included Requests for Production of Documents in the package.

4. The next day, on January 18, 2019, Defendant filed the instant summary judgment motion.

5. The following week, on Friday, January 25, 2019, at 5:35 P.M., Defendant's counsel, Damian P. Richard, advised me that my discovery requests included Interrogatories and *two copies* of my Requests for Admission, but no Requests for Production. In order to be on the safe side, in case there was an office error on my end, I served the Requests for Production again when I returned to the office on Monday, January 28, 2019.

6. At no point have I received any discovery requests from Defendant.

7. As of the time of filing my response to Defendant's summary judgment motion, I had not yet received responses to my initial round of discovery requests.

8. There is still plenty of discovery that needs to take place in this case. For example, in order to evaluate Defendant's status as a debt collector, Plaintiff needs more documentation on the payment history, the default date, and the date Defendant obtained servicing rights to the loan. In order to flesh out the merits of the FDCPA claim, Plaintiff needs more information on a number of matters, including but not limited to: (a) what documentation Defendant has, and has ever received, concerning this debt, and when; (b) what Defendant's procedures are in reviewing that documentation; (c) any changes in those procedures since the CFPB Consent Order; (d) the extent of Defendant's review of this specific account in response to the Consent Order; (e) any policies and procedures to determine what accounts to send to litigation, as well as any guidelines to determine when to cease litigation; (f) Defendant's intent to follow-through with contested litigation; and (g) statistics of Defendant's litigation tactics. In the event that the Court finds that Defendant has satisfied its initial burden, then these facts would be essential to Plaintiff's opposition.

//

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of February, 2019, in San Francisco, California.

          /s/ Jon Erik Heath
          J. Erik Heath