James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle South, Suite 260
San Diego, CA 92108-3426
Tel: 619/758-1891
Fax: 877/334-0661
jschultz@sessions.legal
dkirkpatrick@sessions.legal

*Attorneys for Defendant Transworld Systems Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSKAR LIZARRAGA-DAVIS, | Case No. 5:18-cv-04081-BLF |
| Plaintiff, | DEFENDANT TRANSWORLD SYSTEMS INC.'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT |
| vs. | |
| TRANSWORLD SYSTEMS INC., | |
| Defendant. | Judge Beth Labson Freeman |
| | Date: May 5, 2022 |
| | Time: 9:00 a.m. |
| | Courtroom: 3, 5th Floor |

TABLE OF CONTENTS

I. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II. Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

III. Legal Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    A.    Plaintiff Failed to Plead A Cause of Action Under 15 U.S.C. § 1692F
         And Therefor He Is Not Entitled to Summary Judgment On That Claim . . . . . 6

    B.    Plaintiff Is Not Entitled To Summary Judgment On 15 U.S.C. §
         1692e Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV Response to Request for Judicial Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

V. Evidentiary Objections. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

VI. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF AUTHORITIES

Statutes/Rules

15 U.S.C. § 1692e ........................................................................................................... Passim

15 U.S.C. § 1692f ................................................................................................3, 6, 7, 16

Fed.R.Civ.P. 15(b)(2) ..................................................................................................... 7

Fed. R. Evid. 201(b) ................................................................................................14, 15

Cases

*389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ................................7

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) ....................................................................9

*City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014)) ..............8

*Haavistola v. Community Fire Co. of Rising Sun, Inc.*, 6 F.3d 211 (4th Cir. 1993) .................14

*Insurance Co. of N. Am. v. Moore*, 783 F.2d 1326, 1328 (9th Cir.1986) ..................................7

*Magnusson v. Ocwen Loan Servicing, LLC*, 2014 WL 3881626 (D. Utah Aug. 7, 2014) ).....15

*Matter of Ollag Construction Equipment Corp.*, 665 F.2d 43, 46 (2d Cir. 1981) .....................13

*Maynard v. Wells Fargo, N.A.*, No. 12cv1435 AJB (JMA), 2013 WL 4883202, *9

  (S.D. Cal. Sept. 11, 2013 ....................................................................................... 10, 13

*Medina v. National Collegiate Student Loan Trust 2*, No. 17-05276-LT7,

  2020 WL 5545682 ........................................................................................................13

*O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) .......................14

*United States v. Adefehinti*, 510 F.3d 319, 326 (D.C. Cir. 2007) .............................................13

*United States v. Samaniego*, 187 F.3d 1222, 1224 n. 1 (10th Cir. 1999 ..................................13

*Wasco Products, Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ..................7

*Watson v. Ciconte, Wasserman, Scerba & Kerrick, LLC*, 2016 WL 5403327

 (D. Del. Sept. 26, 2016) ..............................................................................................14

*Western Radio Services Co. v. Qwest Corp.*, 530 F.3d 1186, n.4 (9th Cir. 2008) ....................14

*Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919, 936 (2016) ............................10, 13

James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle South, Suite 260
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  877/334-0661
jschultz@sessions.legal
dkirkpatrick@sessions.legal

*Attorneys for Defendant Transworld Systems Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSKAR LIZARRAGA-DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INC.,<br><br>Defendant. | Case No.   5:18-cv-04081-BLF<br><br>DEFENDANT TRANSWORLD SYSTEMS INC.'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Judge Beth Labson Freeman<br><br>Date: May 5, 2022<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor |

## I.     INTRODUCTION

Plaintiff's single-count complaint alleges three violations of the Fair Debt Collection Practices Act (FDCPA), all under 15 U.S.C. § 1692e.  (First Amended Complaint [ECF 23], ¶ 48.)  Plaintiff alleges that Defendant  Transworld Systems Inc. (TSI) "falsely represented the character, amount, or legal status of a debt, in

violation of 15 U.S.C. § 1692e(2)(A);" that "Defendant [] threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);" and that "Defendant [] used a false or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10)." (*Id.*) Plaintiff's allegations are entirely premised on his theory that Defendant "does not have adequate records to prove [the] cases in court" or that "documentation to prove the alleged debt . . . is owed to NCSLT 2006-4 does not exist." (FAC ¶¶ 11, 33.) In other words, Plaintiff has no evidence, and makes no argument that the underlying debt was not his, that the debt was paid or that Plaintiff was somehow released from liability for a student loan he admits to owing. Plaintiff just thinks that TSI cannot show that its client, National Collegiate Student Loan Trust 2006-4 (NCSLT 2006-4), is the creditor.

Plaintiff has failed to meet his burden of proving the absence of a genuine dispute of material fact as to the purported "facts" on which that belief resides. As set forth in the Declaration of Bradley Luke, NCSLT 2006-4's records maintained by TSI are sufficient to establish the chain of title of Plaintiff's student loan and prove NCSLT 2006-4's ownership of the loan and right to enforce its collection. Plaintiff has failed to mount a challenge to this evidence or show that a jury could reasonably render a verdict in his favor. In fact, the only evidence Plaintiff offers on the foundational premise of his claims is the deposition testimony of Mr. Luke. Aside from that, Plaintiff offers unrelated regulatory actions and court dockets that have nothing whatsoever to do with collection efforts pertaining to *his* loan and the collection efforts directed at *him,* and do not bear on the outcome of this motion. The gist of Plaintiff's theory is that because regulators in other contexts at other times looking at other debts reached an opinion that TSI or NCSLT lacked proper documentation of a loan means that the same thing occurred with his loan, but

tellingly, offers no proof or foundation for that belief. Plaintiff is wrong and his motion as to his 15 U.S.C. § 1692e claims must be denied.

Finally, Plaintiff now also seeks summary judgment asserting that TSI engaged in unfair collection practices under 15 U.S.C. § 1692f. However, this cause of action was not asserted in Plaintiff's operative complaint. Summary judgment on this claim which Plaintiff failed to plead must be denied because it was not asserted. But even if considered, that claim, which relies on the same supposition, suffers the same fate as Plaintiff's claim under § 1692e.

## II. FACTUAL BACKGROUND

On June 10, 2006, Plaintiff applied for a student loan with GMAC Bank, N.A. in order to fund his enrollment the University of California, Davis. The terms of the student loan provided that the creditor "may assign this Credit Agreement at any time." (Declaration of Bradley Luke ("Luke Decl."), ¶¶ 11-13, Ex. 2.) On June 26, 2006, Plaintiff's student loan was approved and $25,000.00 was disbursed to Plaintiff for the purposes of Plaintiff's enrollment at UC-Davis. (*Id.* at ¶ 14, Ex. 3.)

On December 7, 2006, while Plaintiff was still enrolled at UC-Davis, and before his student loan had become due, Plaintiff's student loan was transferred, sold, and assigned to NCSLT 2006-4. (*Id.* at ¶¶ 15-26, Ex. 4-6.) In simplest terms, Plaintiff's loan was part of a structured loan program ("Loan Program") whereby it was previously agreed that GMAC Bank would sell loans to a "Purchaser Trust" formed for the purpose of purchasing the loans. (*Id.*)

Pursuant to the Loan Program, the sale and assignment of Plaintiff's student loan to NCSLT 2006-4 was effectuated through two near-simultaneous transfers. (*Id.* at ¶ 16.) In the first transfer, on December 7, 2006, GMAC Bank sold, transferred and assigned the loan to National Collegiate Funding, LLC. (*Id.* at ¶¶ 15-20, Ex. 4-5.) The sale, transfer and assignment is memorialized in a Pool

Supplement through which a number of loans, including Plaintiff's loan, were bundled. (*Id.* at ¶¶ 18-20, Ex. 5.) In the second transfer, National Collegiate Funding, LLC, in turn, and on the same day, sold, transferred and assigned the bundled loans, including Plaintiff's loan, to NCSLT 2006-4. (*Id.* at ¶¶ 21-25, Ex. 6.) The sale was effectuated through a Deposit and Sale Agreement. (*Id.*) All of the loans included in the pool were identified on a Schedule. *Id.* at ¶¶ 15, 18 and 20.

Plaintiff's specific loan can be identified on the schedule of loans included in the transfer from GMAC Bank to National Collegiate Funding, LLC, and then to NCSLT 2006-4 based upon identifying details contained in the loan documents and schedule. (*Id.* at ¶ 20, Ex. 2-3, 5.) Plaintiff's GMAC loan originated by Plaintiff to attend UC-Davis was contained on the Schedule. *Id*.

TSI is the loan servicer and Custodian of Records for NCSLT 2006-4. (*Id.* at ¶ 2.)

In that capacity, TSI maintains the dedicated system of records pertaining to NCSLT 2006-4 student loans, which includes all documents pertaining to and evidencing Plaintiff's loan origination and the transactions resulting in NCSLT's purchase and acquisition of the loan. (*Id.* at ¶¶ 2, 4-9, Ex. 1.)

Since Plaintiff's loan was sold, transferred and assigned to NCSLT 2006-4 on December 7, 2006, the loan has not been sold, transferred, or assigned, and all ownership right, title, and interest remains with NCSLT 2006-4. (*Id.* at ¶ 27.)

Plaintiff's statement of purportedly undisputed facts must be corrected and/or clarified as to the following:

1. The findings of the Consumer Financial Protection Bureau in the Consent Order <u>are not undisputed</u> as, by its terms, Defendant did not admit or deny its findings. (Plaintiff's Request for Judicial Notice [ECF 64] ("RJN"), Ex. 12, § III ¶ 2.) Further, the Consent Order does not pertain to this action because the time

period for the conduct covered by the Consent Order is November 1, 2014 to April 25, 2016 (RJN, Ex. 12, § IV, ¶ 3.m.; § V, ¶¶ 15, 17, 25), whereas Plaintiff was first contacted by collection counsel in early 2017 and the collection action was not filed against Plaintiff on behalf of NCSLT 2006-4 until May 6, 2017. (Declaration of Oskar Lizarraga-Davis [ECF 63-1], ¶¶ 2, 11; Exhibit 5.)

2. The findings of the New York Attorney General in the Assurance of Discontinuance (AOD) <u>are not undisputed</u> as, again by its terms, Defendant did not admit or deny its findings. (RJN, Ex. 13, § I ¶ C.46.) The AOD does not pertain to this action because the time period it covers is November 1, 2014 through at least April 2016 and relates to conduct in New York and/or related to a New York resident. (RJN, Ex. 13, § I ¶ B.14; § II ¶ A.47), whereas Plaintiff was first contacted by collection counsel in early 2017, the collection action was not filed against Plaintiff on behalf of NCSLT 2006-4 until May 6, 2017, and Plaintiff was at all times relevant a California resident. (Declaration of Oskar Lizarraga-Davis [ECF 63-1], ¶¶ 2, 11, 26; Ex. 1,3, 5.)

3. Defendant's business records include Plaintiff's credit agreement signature page and its corresponding terms and conditions. (Luke Decl., ¶ 12, Ex. 2.) When the credit agreement needs to be produced for any purpose, the applicable terms and conditions are paired with the signature page based on a unique alphanumeric code that identifies the document. (*Id.*)

4. Defendant's business records do include documents pertaining to Plaintiff's student loan received from NCSLT 2006-4's pre-default servicer AES. (Luke Decl., ¶¶ 7, 8.) Certain documents bear page numbers based on their former placement within AES's files. (*Id.*, ¶¶ 8, 12, 14, Ex. 2, 3.) Some of the documents as they are maintained in TSI's system of record may reflect an incomplete sequence of these formerly used page numbers even though they are complete

documents such as Plaintiff's credit agreement and the Note Disclosure Statement. (*Id.*)

5. Plaintiff's assertion that the Pool Supplement is missing Schedule 1 is not an undisputed fact. Plaintiff's student loan information was produced in an excerpt of Schedule 1. (Luke Decl., ¶ 20, Exhibit 5.) The remainder of Schedule 1 consists of sensitive consumer information and social security numbers of thousands of other borrowers and their loans. (*Id.*, ¶ 20, n.3.) Relevant information pertaining to Plaintiff's student loan is attached to the Pool Supplement in the excerpt of Schedule 1. (*Id.*, ¶ 20, Exhibit 5.)

6. Plaintiff's assertion that none of the documents provided to Plaintiff at the time attempts were being made to collect his loan connected the loan to GMAC Bank's Alternative Loan Program is not an undisputed fact. On the first page of Plaintiff's credit agreement are the words: "LOAN PROGRAM INFORMATION" and just beneath that: "GMAC Bank Undergraduate Loan." *See* Decl. of Oskar Lizarraga-Davis [ECF 63-1], ¶¶ 5, 11, Exhibits 1 and 5 (credit agreement, first page); Luke Decl., Ex. 2. Section C.3.(a) of the credit agreement terms and conditions (*Id.*, credit agreement, p. 2) defines the "Deferment End Date" for the "Undergraduate Alternative Loan Program" and the "Graduate Professional Education Loan Program" and states "the applicable loan program is on the first page of this Credit Agreement." It is unambiguous that there were two programs per the loan terms and conditions, an undergraduate program and a graduate program, and that Plaintiff's loan was an undergraduate loan. *See also* Luke Decl., ¶¶ 11, 12, 24, 26, Ex. 2, 6.

### III. LEGAL ARGUMENT

**A. Plaintiff Failed to Plead A Cause Of Action Under 15 U.S.C. § 1692f And Therefore He Is Not Entitled To Summary Judgment On That Claim**

For the first time in this action, Plaintiff alleges through his summary

judgment motion that TSI violated 15 U.S.C. § 1692f, which provides a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff's Complaint does not include a cause of action under § 1692f. *See* First Amended Complaint [ECF 23]. Therefore, Plaintiff is not entitled to assert, let alone obtain summary judgment on that unasserted claim.

"Summary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Products, Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). TSI objects to the adjudication of a cause of action that was not pleaded, and the Court should refuse to consider Plaintiff's summary judgment motion as it pertains to his unpled § 1692f claim. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (where claims for breach of express and implied trust were never pleaded, the district court did not commit error by refusing to award relief on summary judgment on those causes of action); *Insurance Co. of N. Am. v. Moore,* 783 F.2d 1326, 1328 (9th Cir.1986) (holding that the district court did not err in refusing to award relief on an unpleaded cause of action).

All of Plaintiff's arguments concerning TSI's purported "unfairness" in violation of § 1692f can be disregarded and Plaintiff should not be permitted to obtain summary judgment as to liability on that ground. Out of an abundance of caution, TSI will not address the substance of Plaintiff's claim to avoid providing implied consent to its adjudication. *See* Fed.R.Civ.P. 15(b)(2) ("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings.") However, if the Court intends to consider the claim over TSI's objection, TSI respectfully requests an opportunity to submit a responsive brief.

**B.      Plaintiff Is Not Entitled To Summary Judgment On 15 U.S.C. § 1692e Claims**

Plaintiff claims TSI violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5) and 1692e(10) by engaging a collection law firm to send him pre-litigation correspondence, file a state court collection action against him and send him settlement letters. Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" including the false representation of the character, amount, or legal status of any debt (15 U.S.C. § 1692e(2)(A)); the threat to take any action that cannot legally be taken or that is not intended to be taken (15 U.S.C. § 1692e(5); or the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. § 1692e(10)).

Plaintiff does not allege collector misconduct by TSI other than purportedly attempting to collect a debt that Plaintiff admits to having incurred without the ability to prove NCSLT 2006-4 is the current owner of Plaintiff's student loan account. However, the uncontradicted evidence, as set forth in the Declaration of Bradley Luke with accompanying exhibits, establishes that Plaintiff's loan was assigned from his lender, GMAC Bank, to National Collegiate Funding, LLC ("NCF"), and from NCF to NCSLT 2006-4. NCSLT 2006-4 owns Plaintiff's account and TSI, as its custodian of records, maintains adequate documentation to prove it. The evidence in this case, which for purposes of this motion, must be viewed in the light most favorable to TSI with all reasonable inferences drawn in TSI's favor (*City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014)), demonstrates that Plaintiff cannot show he is entitled to judgment as a matter of law on any of the provisions of § 1692e he claims TSI violated.

Indeed, Plaintiff offers no evidence on the issues that must be addressed to determine liability in this case except the deposition testimony of Mr. Luke.

Plaintiff also relies heavily on regulatory actions by the Consumer Financial Protection Bureau (CFPB) and the New York Attorney General, but that reliance is misplaced and is not "evidence". Untried actions regarding purported past behavior do not prove that the behavior existed or continues to exist, and are insufficient to create a genuine issue of material fact. Moreover, the CFPB and New York actions do not pertain, relate to or overlap with TSI's collections directed at Plaintiff. By its terms, the CFPB action does not encompass the time period in which collection activities directed at Plaintiff loan took place. The New York AG action is also limited in scope to conduct in New York or involving New York residents – none of which occurred here. Furthermore, case dispositions and court dockets offered by Plaintiff relating to actions filed by various NCSLT entities in San Benito, California and neighboring counties are not evidence of conduct by TSI towards Plaintiff. In short, the records Plaintiff offers are not relevant to any issue that must be addressed to determine TSI's liability under 15 U.S.C. § 1692e(2)(A), 1692e(5), or 1692e(10).

Where is the evidence that TSI took any improper or unlawful collection activity specifically regarding Plaintiff's account? The answer is there is none. Instead, Plaintiff paints with a broad brush in an effort to establish liability specific to him because of general allegations made by the CFPB or the New York attorney general regarding different conduct on different accounts occurring at a different time. Such an approach of "it happened there so it must have happened here" is insufficient as a matter of law to support Plaintiff's evidentiary burden on a motion for summary judgment, and instead demonstrates that it is TSI that is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (summary judgment in favor of defendant appropriate simply by pointing out that there is an absence of evidence to support plaintiff's claims).

Although Plaintiff states he does not want to skirt his credit obligations, and suggests his only concern was assuring he paid his legitimate creditor, Plaintiff's motion reflects a concerted effort to challenge the validity of the assignment of his loan. Plaintiff's true objective appears to be not to ensure that he pays the right party, but to show the debt is unenforceable. However, he has failed to muster evidence to show the debt cannot be enforced by NCSLT 2006-4 or that TSI's efforts on behalf of the trust were unlawful.

Tellingly, Plaintiff offers no evidence that anyone other than NCSLT 2006-4 has claimed ownership of the debt or attempted to collect it in the many years since he defaulted in his repayment obligations – an obligation he admits to not having repaid. Moreover, Plaintiff offers nothing to show that any party to the assignments has ever raised a concern about their validity. It is well-settled that plaintiffs who are not a party to an assignment lack standing to challenge the assignment. *See Maynard v. Wells Fargo, N.A.*, No. 12cv1435 AJB (JMA), 2013 WL 4883202, \*9 (S.D. Cal. Sept. 11, 2013)("Plaintiffs were not parties to the Assignment, do not contest that they are currently delinquent on the underlying debt obligation, and do not allege that they have been making payments towards this obligation (or to whom), [therefore] the Court finds Plaintiffs could not have been injured by any alleged robo-signing. Moreover, to the extent that the Assignment was in fact robo-signed, it would be voidable, not void, at the injured party's option. Here, the injured party would be U.S. Bank, not Plaintiffs"); *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919, 936 (2016)("When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment; the transaction is not void unless and until one of the parties takes steps to make it so. A borrower who challenges a foreclosure on the ground that an assignment to the foreclosing party bore defects rendering it voidable could thus be said to assert an

interest belonging solely to the parties to the assignment rather than to herself.").

Nonetheless, Plaintiff raises the following purported defects in the assignment records in an effort to undermine the legitimacy of NCSLT 2006-4's ownership of his student loan debt and challenge TSI's ability to collect it. Each is without merit and should be rejected.

### 1. Credit Agreement and Note Disclosure Statement

Plaintiff's Credit Agreement and the Note Disclosure Statement are not missing pages, contrary to Plaintiff's unfounded assertion that these documents are incomplete. TSI's business records include documents pertaining to Plaintiff's student loan received from NCSLT 2006-4's pre-default servicer AES. (Luke Decl., ¶¶ 7, 8.) Certain documents bear page numbers based on their former placement within AES's files. (*Id.*, ¶¶ 8, 12, 14, Ex. 2, 3.) Documents as they are maintained in TSI's system of record may reflect an incomplete sequence of these formerly used page numbers even though they are complete documents such as Plaintiff's Credit Agreement and the Note Disclosure Statement. (*Id.*) For example, the Credit Agreement signature page has "(2 of 2)" on it and the Note Disclosure Statement has "(3 of 18)" on it. (*Id.*, Ex. 2, 3.) The fact there are gaps in former page numbering does not mean these documents are missing pages or are otherwise incomplete.

Plaintiff also appears to suggest the credit agreement TSI produced is not authentic because component parts of the document are maintained in separate files. TSI's business records include Plaintiff's credit agreement signature page and its corresponding terms and conditions maintained separately. (Luke Decl., ¶ 12, Ex. 2.) When the credit agreement needs to be produced for any purpose, the applicable terms and conditions are paired with the signature page based on a unique alphanumeric code that identifies the document. (*Id.*) This practice does not render

the credit agreement incomplete or ingenuine.

**2. Part 1 of Assignment**

**a. Schedule 1 Is Not Missing**

The schedule to the Pool Supplement is not missing, contrary to Plaintiff's baseless contention. (Luke Decl., ¶¶ 18-20, Ex. 5.) Plaintiff's student loan information has long been produced in an excerpt of Schedule 1. (*See, e.g.*, ECF 45, filed 2/8/19, p. 21.) Plaintiff cannot credibly challenge the trustworthiness of the information in the schedule excerpt. Plaintiff can personally verify the accuracy of key information, *i.e.*, the last four digits of his social security number, the date the loan proceeds were disbursed to him, and the dollar amount he received. And other information appearing in the excerpt correlates to data from his credit agreement and the note disclosure statement. (Luke decl., ¶ 20 a.-e.) Finally, the redacted print-out included in TSI's Exhibit 5 substantiates the fact that there is no material difference in the loan information as it appears in the print-out of the Schedule 1 page that includes Plaintiff's loan and the excerpt. (*Id.*, Ex. 5.)

The remainder of Schedule 1 consists of personal information, including social security numbers, of other student loan borrowers. (*Id.*, ¶ 20, n.3.) The Court should reject Plaintiff's apparent contention that TSI's failure to produce irrelevant data and sensitive data of third-parties, *i.e.*, lines and lines of text pertaining to other student loan borrowers that would have to be redacted to protect their privacy, undermines the sufficiency of the evidence it has produced relating to Plaintiff's loan.

**b. Authentication of assignment signature**

Plaintiff's contentions that TSI cannot establish the parties assigning the loan had authority to do so and that Mr. Luke cannot authenticate document signatories do not raise triable issues. Plaintiff offers no evidence that any party to the

assignments has raised a concern about their validity, and Plaintiff has no standing to do so. *See Maynard,* 2013 WL 4883202 at *9; *Yvanova*, 62 Cal.4th at 936. As to the claim of failure to authenticate, the assignment documents are admissible and have been sufficiently authenticated as business records. *See Medina v. National Collegiate Student Loan Trust 2*, No. 17-05276-LT7, 2020 WL 5545682 (Bankr. S.D. Cal. Aug. 4. 2020), in which the court found the declaration of Bradley Luke and records like those submitted here are admissible as business records and observed "[a] current holder of business records may rely on business records created before their receipt, which is common in the case of assigned debt." *Id.*, at *2; *see also United States v. Adefehinti*, 510 F.3d 319, 326 (D.C. Cir. 2007) (finding that pursuant to "the rule of incorporation," the record of which a business takes custody is thereby "made" by the business within the meaning of the rule); *United States v. Samaniego*, 187 F.3d 1222, 1224 n. 1 (10th Cir. 1999) (including bank records in "class of records commonly viewed as particularly trustworthy"); *Matter of Ollag Construction Equipment Corp.*, 665 F.2d 43, 46 (2d Cir. 1981) (finding that "business records are admissible if witnesses testify that the records are integrated into a company's records and relied upon in its day-to-day operations").

### 3. Part 2 of Assignment – GMAC loan program

Plaintiff's assertion that none of the documents provided to Plaintiff at the time attempts were being made to collect his loan connected the loan to GMAC Bank's Alternative Loan Program is unfounded. On the first page of Plaintiff's credit agreement are the words: "LOAN PROGRAM INFORMATION" and just beneath that: "GMAC Bank Undergraduate Loan." *See* Decl. of Oskar Lizarraga-Davis [ECF 63-1], ¶¶ 5, 11, Exhibits 1, 5 (credit agreement, first page); Luke Decl., Ex. 2. Section C.3.(a) of the credit agreement terms and conditions (*Id.*, credit agreement, p. 2) defines the "Deferment End Date" for the "Undergraduate

Alternative Loan Program" and the "Graduate Professional Education Loan Program" and states "the applicable loan program is on the first page of this Credit Agreement." It is unambiguous that there were two programs per the loan terms and conditions, an undergraduate program and a graduate program, and that Plaintiff's loan was an undergraduate loan. *See also* Luke Decl., ¶¶ 11, 12, 24, 26, Ex. 2, 6.

## IV. RESPONSE TO REQUEST FOR JUDICIAL NOTICE

While the Court may take judicial notice of the fact that TSI entered into a Consent Order with the Consumer Financial Protection Bureau and an Assurance of Discontinuance with the New York Attorney General, it may not, as Plaintiff appears to request, take judicial notice of the contested and unproven factual allegations in either document.

The Court should not take judicial notice of purported "facts" asserted in an administrative consent order. A court may only take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); s*ee also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (*citing Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir.1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."); *Haavistola v. Community Fire Co. of Rising Sun, Inc.*, 6 F3d 211, 218 (4th Cir. 1993) (abuse of discretion to take judicial notice of disputed facts).

The *existence* of an administrative proceeding or order may be judicially noticed. *Western Radio Services Co. v. Qwest Corp.*, 530 F.3d 1186, n.4 (9th Cir. 2008)(taking judicial notice of the existence of an order of the California Public Utilities Commission). However, courts have ruled the "facts" stated in a consent order or judgment are not undisputed or unquestionable and courts may *not* take judicial notice of the purported "facts" therein. *See, e.g., Watson v. Ciconte,*

*Wasserman, Scerba & Kerrick, LLC*, 2016 WL 5403327, *4 (D. Del. Sept. 26, 2016); *Magnusson v. Ocwen Loan Servicing, LLC*, 2014 WL 3881626, *2 (D. Utah Aug. 7, 2014).

Here, the Court may take judicial notice that on September 18, 2017, TSI and the CFPB entered into a Consent Order and that on September 11, 2020, TSI and the New York Attorney General entered into an AOD. However, TSI did not admit to any of the facts alleged in the Consent Order or AOD. *See* RJN, Ex. 12 (Consent Order), § III ¶ 2; Ex. 13 (AOD), § I ¶ C.46. The assertions of the CFPB and New York Attorney General are *not* facts "not subject to reasonable dispute" within the meaning Rule 201(b). Accordingly, the Court may not take judicial notice of the contents of either document.

## V. EVIDENTIARY OBJECTIONS

**Objection 1** – The 2017 CFPB Consent Order

Grounds and explanation: Relevance. The Consent Order is not relevant to the instant action. The Consent Order does not pertain to this action because the time period it covers is November 1, 2014 to April 25, 2016 (RJN, Ex. 12, § IV, ¶ 3.m.; § V, ¶¶ 15, 17, 25), whereas Plaintiff was first contacted by collection counsel in early 2017 and the collection action was not filed against Plaintiff on behalf of NCSLT 2006-4 until May 6, 2017 (Declaration of Oskar Lizarraga-Davis [ECF 63-1], ¶¶ 2, 1211; Exhibit 5.). The collection activities relating to Plaintiff are well outside the scope of the Consent Order. For this reason alone, the issues raised in the Consent Order are inapplicable here. Moreover, untried actions regarding purported past behavior do not prove that the behavior existed or continues to exist and do not establish a genuine issue of material fact.

**Objection 2** – The 2020 New York Attorney General Assurance of Discontinuance

Grounds and explanation: Relevance.  The Assurance of Discontinuance (AOD) is not relevant to the instant action.  The AOD does not pertain to this action because the time period it covers is November 1, 2014 through at least April 2016 and relates to conduct in New York and/or related to a New York resident. (RJN, Ex. 13, § I ¶ B.14; § II ¶ A.47), whereas Plaintiff was first contacted by collection counsel in early 2017 and the collection action was not filed against Plaintiff on behalf of NCSLT 2006-4 until May 6, 2017, and Plaintiff was at all times relevant a California resident. (Declaration of Oskar Lizarraga-Davis [ECF 63-1], ¶¶ 2, 11; Exhibit 5.)  The collection activities relating to Plaintiff are simply not within the scope of the AOD and the issues raised in the AOD are inapplicable here.  Moreover, untried actions regarding purported past behavior do not prove that the behavior existed or continues to exist and do not establish a genuine issue of material fact.

**Objection 3** – The disposition documents for each case filed by a NCSLT entity in San Benito County from January 1, 2013 through December 31, 2018

**Objection 4** – The court dockets for each case filed by a NCSLT entity in Montherey County from November 1, 2014 through December 31, 2018

**Objection 5** – The court dockets and available case disposition documents for each case filed by a NCSLT entity in Santa Cruz County from November 1, 2014 through December 31, 2018

Grounds and explanation of Objections 3-5: Relevance.  These documents do not pertain to the collection action filed against Plaintiff and do not have any probative value as to the issues to be determined in this motion. Additionally, these documents are relied upon by Plaintiff in arguing "unfairness" in support of summary judgment on his unpleaded claim under 15 U.S.C. § 1692f which should not be adjudicated.

## VI. CONCLUSION

Based on the foregoing, Plaintiff has failed to meet his burden of proving the absence of a genuine dispute as to the purported facts on which he relies. To the contrary, the uncontradicted evidence shows the records maintained by Defendant are sufficient to establish the chain of title of Plaintiff's student loan and prove NCSLT 2006-4's ownership of the loan and right to enforce its collection. The alleged lack of enforceability of the debt is the sole ground for Plaintiff's claims and has not been established. Plaintiff's motion for summary judgment should be denied.

Dated: April 14, 2022     SESSIONS, ISRAEL & SHARTLE, L.L.P.

                                       */s/Debbie P. Kirkpatrick*
                                       Debbie P. Kirkpatrick
                                       Attorneys for Defendant
                                       Transworld Systems, Inc.