James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle South, Suite 260
San Diego, CA 92108-3426
Tel:    619/758-1891
Fax:   877/334-0661
jschultz@sessions.legal
dkirkpatrick@sessions.legal

*Attorneys for Defendant Transworld Systems Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSKAR LIZARRAGA-DAVIS, | Case No. 5:18-cv-04081-BLF |
| Plaintiff, | DEFENDANT TRANSWORLD SYSTEMS INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| TRANSWORLD SYSTEMS INC., | |
| Defendant. | Judge Beth Labson Freeman |
| | Date: May 5, 2022 |
| | Time: 9:00 a.m. |
| | Courtroom: 3, 5th Floor |

Defendant Transworld Systems Inc. has demonstrated through admissible, uncontradicted evidence the assignment of Plaintiff's student loan to National Collegiate Student Loan Trust 2006-4 (NCSLT) and adequate documentation to prove ownership. Plaintiff has failed to come forward with evidence of any genuine disputes for trial on these questions. Summary judgment should be granted in favor of Defendant.

Plaintiff contends the evidence of the assignment of his student loan is not "clear and positive" under California law, citing the purported lack of "Schedule 1" and asserting Plaintiff's

loan was not clearly part of the GMAC Alternative Loan Program. These contentions ignore the fact that Plaintiff's student loan information was produced as an excerpt of Schedule 1. *See* Declaration of Bradley Luke [ECF 62-1], ¶ 20, Exhibit 5. The remainder of Schedule 1 consists of a listing of "hundreds if not thousands of loans along with various pieces of sensitive data" *pertaining to other borrowers*. *See* Declaration of Debbie P. Kirkpatrick, Ex. 1 (Deposition of Bradley Luke 85:18-86:1). The Court should reject Plaintiff's apparent contention that Defendant's failure to produce irrelevant data, *i.e.*, lines and lines of redacted text pertaining to other student loan borrowers, undermines the sufficiency of evidence it has produced confirming the assignment of Plaintiff's loan to NCSLT.

The Schedule 1 excerpt has long been made available to Plaintiff and he cannot credibly challenge the trustworthiness of the information. The redacted page included in Defendant's Exhibit 5 substantiates the fact that there is no material difference in the loan information as it appears in the Schedule 1 print-out and the excerpt. Moreover, Plaintiff could personally verify the accuracy of the information in the excerpt, *i.e.*, the last four digits of his social security number, the date the loan proceeds were disbursed to him, and the dollar amount he received. And other information appearing in the excerpt correlates to data from his credit agreement and the note disclosure statement. *See* Declaration of Bradley Luke [ECF 62-1], ¶ 20 a.-e. The information in the excerpt is thus trustworthy, and clear and positive evidence that Plaintiff's loan was among those assigned to NCSLT.

Moreover, it is evident that Plaintiff's loan was part of the GMAC Alternative Loan Program. On the first page of Plaintiff's credit agreement are the words: "LOAN PROGRAM INFORMATION" and just beneath that: "GMAC Bank Undergraduate Loan." *See* Declaration of Bradley Luke [ECF 62-1], ¶ 12, Exhibit 2 (first page). Section C.3.(a) of the credit agreement terms and conditions (*Id.*, Exhibit 2, p. 2) defines the "Deferment End Date" for the "Undergraduate Alternative Loan Program" and the "Graduate Professional Education Loan Program" and states "the applicable loan program is on the first page of this Credit Agreement." It is unambiguous that there were two programs per the loan terms and conditions, an

undergraduate program and a graduate program, and that Plaintiff's loan was an undergraduate loan.

Plaintiff's contentions that TSI cannot establish the parties assigning the loan had authority to do so and that Mr. Luke cannot authenticate document signatories do not raise triable issues. Plaintiff offers no evidence that any party to the assignments has raised a concern about their validity; Plaintiff lacks standing to do so. *Maynard v. Wells Fargo, N.A.*, No. 12cv1435 AJB (JMA), 2013 WL 4883202 (S.D. Cal. Sept. 11, 2013)("Plaintiffs were not parties to the Assignment…. [T]o the extent that the Assignment was in fact robo-signed, it would be voidable, not void, at the injured party's option. Here, the injured party would be U.S. Bank, not Plaintiffs"); *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919, 936 (2016)("A borrower who challenges a foreclosure on the ground that an assignment to the foreclosing party bore defects rendering it voidable could…be said to assert an interest belonging solely to the parties to the assignment rather than to herself.").

As to the claim of failure to authenticate, the assignment documents are admissible and have been sufficiently authenticated as business records. *See Medina v. National Collegiate Student Loan Trust 2*, No. 17-05276-LT7, 2020 WL 5545682 (Bankr. S.D. Cal. Aug. 4. 2020), in which the court found the declaration of Bradley Luke and records like those submitted here are admissible as business records and observed "[a] current holder of business records may rely on business records created before their receipt, which is common in the case of assigned debt." *Id.*, at *2.

Finally, contrary to Plaintiff's claim that cases cited by Defendant are inapposite, California law on assignments is not so unique that cases from other jurisdictions are without value. Cases cited by Defendant show that many courts have considered borrowers' challenges to the sufficiency of evidence presented by NCSLT entities to show assignment of student loans – evidence identical to what has been presented here – and have found in favor of the trusts.

Plaintiff's evidentiary objections lack merit and should not be sustained.

Objection No. 1: Exhibit 5 is admissible under the business records exception to the hearsay

rule. *See Medina,* 2020 WL 5545682 at *2. The response to other grounds of objection is addressed in the discussion above regarding production of Schedule 1.

Objection No. 2: Exhibit 3 is complete. *See* Declaration of Bradley Luke [ECF 62-1], ¶ 14. The notation "3 of 18" reflects loan file page numbering of NCSLT's pre-default servicer AES and does not show the document is incomplete. *See* Kirkpatrick Decl., Ex. 1 (Deposition of Bradley Luke 81:5-82:16).

Objection No. 3: Exhibit 2 is complete and admissible under the business records exception. *See Medina,* 2020 WL 5545682 at *2 and Declaration of Bradley Luke (ECF 62-1), ¶ 12. The notation "2 of 2" reflects loan file page numbering of NCSLT's pre-default servicer AES and does not show the document is incomplete. *See* Kirkpatrick Decl., Ex. 1 (Deposition of Bradley Luke 69:2-71:6).

Objection No. 4 and No. 5: As discussed above, Plaintiff's loan program is clearly identified in his credit agreement. *See* Declaration of Bradley Luke [ECF 62-1], ¶ 12, Exhibit 2.

Dated: April 14, 2022          SESSIONS, ISRAEL & SHARTLE, L.L.P.

                                        */s/Debbie P. Kirkpatrick*
                                        Debbie P. Kirkpatrick
                                        Attorneys for Defendant
                                        Transworld Systems Inc.