James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle South, Suite 260
San Diego, CA 92108-3426
Tel: 619/758-1891
Fax: 877/334-0661
jschultz@sessions.legal
dkirkpatrick@sessions.legal

*Attorneys for Defendant Transworld Systems Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSKAR LIZARRAGA-DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INC.,<br><br>    Defendant. | Case No.  5:18-cv-04081-BLF<br><br>DECLARATION OF DEBBIE P. KIRKPATRICK IN SUPPORT OF DEFENDANT TRANSWORLD SYSTEMS INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>Judge Beth Labson Freeman<br><br>Date: May 5, 2022<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor |

I, Debbie P. Kirkpatrick, hereby declare:

1. I am an attorney at law licensed to practice before all courts of the State of California, admitted to the United States District Court, Northern District of California, and an attorney of record in this action for Transworld Systems, Inc.

("TSI"). All facts stated in the declaration are true based on my own knowledge. If called as a witness, I could testify competently to the matters set forth herein.

2. A true and correct copy of the certified transcript of the Deposition of Bradley Luke is attached hereto as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of April, 2022 at San Diego, California.

*/s/Debbie P. Kirkpatrick*
Debbie P. Kirkpatrick

EXHIBIT 1

1                  UNITED STATES DISTRICT COURT

2                 NORTHERN DISTRICT OF CALIFORNIA

3
     OSKAR LIZARRAGA-DAVIS,       )
4                                 )
               Plaintiff,         )
5                                 )
          vs.                     )  No. 5:18-cv-4081-BLF
6                                 )
     TRANSWORLD SYSTEMS, INC.,    )
7                                 )
               Defendant.         )
8    _____ )

9

10
                        REMOTE DEPOSITION OF
11
       BRADLEY LUKE, 30(b)(6) FOR TRANSWORLD SYSTEMS, INC.
12
                         PAGES 1 - 143
13

14

15

16         DATE:  Tuesday, March 30, 2021

17         TIME:  8:59 a.m. - 1:59 p.m.

18   WITNESS LOCATION:  Peachtree Corners, Georgia

19      REPORTED BY:  Sarah Jean MacDevitt, CSR, RPR
                      California CSR 14175
20

21

22

23

24

25



1                    VIRTUAL APPEARANCES

2    FOR THE PLAINTIFF:

3         ERIKA HEATH, ATTORNEY AT LAW
          BY:  ERIKA HEATH, Attorney at Law
4         369 Pine Street, Suite 410
          San Francisco, California 94104
5         (415) 426-7850
          erika@heathlegal.com
6
     FOR THE DEFENDANT AND THE WITNESS:
7
          SESSIONS ISRAEL & SHARTLE
8         BY:  JAMES K. SCHULTZ, Attorney at Law
          1545 Hotel Circle South, Suite 150
9         San Diego, California 92108
          (619) 296-2018
10        jschultz@sessions.legal

11   ALSO PRESENT:

12        CYDNEY AGNO - Court Reporting Intern

13                      ---oOo---

14

15

16

17

18

19

20

21

22

23

24

25



```
 1                INDEX OF EXAMINATIONS

 2   EXAMINATION BY:                              PAGE

 3   MS. HEATH.....................................  6

 4

 5

 6                      ---oOo---

 7

 8                 INDEX OF EXHIBITS

 9   NUMBER        DESCRIPTION                     PAGE

10   Exhibit 1     Plaintiff's Notice of            20

11                 Deposition of Defendant

12                 Transworld Systems, Inc.

13                 Pursuant to Fed. R. Civ. P.

14                 30(b)(6); 4 pages

15

16   Exhibit 2     November 3, 2014, letter from    24

17                 U.S. Bank National Association

18                 to Whom it May Concern; TSI0026

19

20   Exhibit 3     March 10, 2017, Loan Payment     65

21                 History Report; 2 pages

22

23

24

25
```



```
 1              INDEX OF EXHIBITS (CONTINUED)
 2     NUMBER          DESCRIPTION                      PAGE
 3     Exhibit 4       June 2006 Cosigned Loan            68
 4                     Request/Credit Agreement -
 5                     Signature Page; 5 pages
 6
 7     Exhibit 5       Note Disclosure Statement;         81
 8                     1 page
 9
10     Exhibit 6       2006-4 Pool Supplement GMAC        82
11                     Bank; 6 page
12
13     Exhibit 7       Deposit and Sale Agreement The     94
14                     National Collegiate Student
15                     Loan Trust 2006-4; 11 pages
16
17     Exhibit 8       September 14, 2016, Loan          100
18                     Financial Activity; 12 pages
19
20     Exhibit 9       Excerpt of TSI's Internal         107
21                     Account Notes; 17 pages
22                     CONFIDENTIAL
23
24
25
```



1              INDEX OF EXHIBITS (CONTINUED)

2     NUMBER        DESCRIPTION                        PAGE

3     Exhibit 10    Consent Order In the Matter of     125

4                   Transworld Systems, Inc.;

5                   32 pages

6

7     Exhibit 11    Defendant Transworld Systems,      133

8                   Inc.'s Declaration in Support

9                   of Motion for Summary Judgment;

10                  6 pages

11

12

13

14

15

16

17

18                       ---oOo--

19

20

21

22

23

24

25


EXCEEDING YOUR EXPECTATIONS
COMBS REPORTING, INC.
DEPOSITION REPORTERS • LEGAL VIDEO

```
 1                      PROCEEDINGS
 2                       ---oOo---
 3                      BRADLEY LUKE,
 4      having been duly sworn by the Certified
 5       Shorthand Reporter to tell the truth, the
 6         whole truth, and nothing but the truth,
 7                   testified as follows:
 8                       ---oOo---
 9                      EXAMINATION
10  BY MS. HEATH:
11      Q.  So good morning.  Could you please start by
12  stating your full name.
13      A.  It is Bradley Luke, B-r-a-d-l-e-y L-u-k-e.
14      Q.  Great.  Thank you.
15          So I should start by explaining that you are
16  under oath today, and although we are in this informal
17  Zoom setting, the oath that you have taken does have the
18  same force and effect as if you were testifying in a
19  court of law.
20          Do you understand that?
21      A.  Yes, ma'am.  I understand.
22      Q.  Okay.  Great.
23          And, for the record, what is your address?
24      A.  My address currently is 2 Sun Court, Suite 215,
25  and that's in Peachtree Corners, Georgia.
```



1  BY MS. HEATH:
2      Q.  So can you identify this document?
3      A.  Yes, ma'am.  This is the loan request credit
4  agreement.  And it has the terms and conditions and
5  cosigner notice attached to it.
6      Q.  Okay.  And I see that the lender is indicated
7  as GMAC Bank, as you indicated earlier.  My question is,
8  by looking at this document, can you tell who
9  Mr. Lizarraga-Davis was interacting with to get this
10 loan?  For example, was it the bank or was it the school
11 or . . .
12         MR. SCHLUTZ:  Object to the form.
13         THE WITNESS:  So these loan programs were
14 through the bank or a loan processor on the bank's
15 behalf.  So in certain instances they hire a third party
16 to help originate these loans on the bank's behalf.
17 BY MS. HEATH:
18     Q.  I'm going to do another screen share on this
19 one.
20     A.  Okay.
21     Q.  And I'm going to scroll down here to the
22 signature line.  And right above the signature line,
23 there's this fax number.
24         Do you see that?
25     A.  Yes, ma'am.  I do.



1   Q.  Do you know whose fax number that is?
2   A.  Not with certainty.
3   Q.  And it looks like, actually, there is indeed a
4   fax header at the top that says "Page 2 of 2."
5       Do you see that?
6       MR. SCHLUTZ:  Object to the form.
7       THE WITNESS:  Yes, ma'am.  I see that.
8   BY MS. HEATH:
9   Q.  Actually, I -- to be clear, I think I referred
10  to it as a fax header.  Let me ask you, do you know what
11  that "Page 2 of 2" refers to?
12  A.  Yes, ma'am.  I do.
13  Q.  And what is that?
14  A.  That's actually part of AES's just -- they put
15  that on certain documents when they are indexing them.
16  So it is not actually a fax header.  It was something
17  that was put on after, afterwards, after it was signed.
18  Q.  After it was signed?
19  A.  Yes, ma'am.
20  Q.  Where is page 1 of 2?
21      MR. SCHLUTZ:  Object to the form.
22  BY MS. HEATH:
23  Q.  If you know?
24  A.  I don't -- well, it is with AES.  I don't know
25  specifically what it is.  I may have it.  This case has



1  been going on for a little while.  But basically it
2  is -- there's a packet of information called the loan
3  origination packet that includes this document, the note
4  disclosure statements, amongst other documents.  Page 1
5  of 2 would be within that packet that is generally held
6  by AES unless TSI needs to request it for any reason.
7       Q.  So we spoke about the process a little bit more
8  broadly earlier, but when would AES -- I'm sorry.  When
9  would TSI have gotten this particular document?
10      A.  On or about March of 2015.  So most likely it
11 was sometime in February of 2015 they would have
12 received a copy of this document.
13      Q.  Okay.  And this document would have been a PDF
14 sent through the file transfer?
15      A.  Yes, ma'am.  And to clarify a little bit, it
16 wouldn't be this document in totality, it would be the
17 first page of this document along with the note
18 disclosure statement, which was your PDF letter E.  They
19 would receive those two documents in PDF format.
20      Q.  And you said just this -- you said just this
21 first page is received?
22      A.  Yes, ma'am.  That's correct.
23      Q.  So where do the remaining pages come from?
24      A.  So those come from -- we have a library of
25 various terms and conditions that go along with each



1          And if the court reporter could label this PDF
2    as Exhibit 5.
3          (DEPOSITION EXHIBIT 5 WAS MARKED.)
4    BY MS. HEATH:
5       Q.  And, Mr. Luke, can you identify this document?
6       A.  Yes, ma'am.  It is a note disclosure statement
7    that was issued upon the approval and disbursement of
8    Mr. Lizarraga-Davis's loan, particularly the loan that
9    is evidenced by the credit agreement we just discussed
10   as deposition Exhibit 4.
11      Q.  And I know we may have discussed this document
12   earlier, but now that we have it in front of us, for a
13   clear record, where does TSI get this document?
14      A.  Similar to the credit agreement, the signature
15   page of the credit agreement, we got it at the same time
16   from AES.
17      Q.  And then this is saved on the repository; is
18   that right?
19      A.  Yes, ma'am.
20      Q.  Now, you will notice at the top there's sort of
21   a similar header as to what we saw earlier that says
22   "Page 3 of 18."
23          Do you see that?
24      A.  Yes, ma'am.  I do.
25      Q.  What is that?



1      A.  Similar to with the signature page of the
2  credit agreement, that just designates the pages for AES
3  in their loan origination file.  So the other 17 pages
4  would be other documents within that origination file.
5      Q.  And where are those 17 pages?
6      A.  With AES.
7      Q.  Why is this particular page singled out?  Do
8  you know?
9      A.  Well, it is -- so it forms a part of the credit
10 agreement, but it is generated and sent after the credit
11 agreement.  So the credit agreement would be sent in by
12 the consumer, and once that loan is approved and
13 disbursed, the note disclosure statement gets sent along
14 with the disbursement funds to the consumer.  So it is a
15 separate document but it does form and it is
16 incorporated into the credit agreement.
17          MS. HEATH:  Okay.  Let's turn to the PDF letter
18 F, and I will ask the court reporter to mark this as
19 Exhibit 6.
20          (DEPOSITION EXHIBIT 6 WAS MARKED.)
21 BY MS. HEATH:
22     Q.  Mr. Luke, can you identify this document?
23     A.  Yes.  This is the pool supplement particular to
24 GMAC Bank for the 2006-4 pool.
25     Q.  And I know we discussed pool supplements in



```
 1        So do we know that whoever this person is, that
 2   that is their real signature?
 3        A.  I can't be certain.
 4        Q.  Okay.  Let me go back to the first page.  In
 5   fact, actually, it might be easier if I do a screen
 6   share on this one too.
 7        Okay.  Now, do you see under Article 1 there is
 8   this underlined reference to Schedule 1?
 9        A.  Yes, ma'am.
10        Q.  Now, there's no Schedule 1 attached to this
11   document, is there?
12        A.  Not in its full form.  That is correct.
13        Q.  Where is Schedule 1?
14        A.  Schedule 1 is in TSI servers, saved along with
15   the pool supplements.
16        Q.  And you said Schedule 1 is not here in its full
17   form.  What do you mean by "full form"?
18        A.  So what Schedule 1 is, it is a listing of all
19   of the loans that were included in the pool.  So it
20   contains hundreds if not thousands of loans along with
21   various pieces of sensitive data.  So instead of
22   attaching it in its full form, which could be hundreds
23   of pages potentially, what is attached as the final page
24   of deposition Exhibit 6 is an excerpt of the Schedule 1
25   that is just showing the line item of
```



1  Mr. Lizarraga-Davis's loan.

2      Q.  Okay.  So let's take a look at this page.  I'm

3  curious about this phrase, "Total Net Principal."

4      Do you see that?

5  A.  Yes, ma'am.

6      Q.  What does that mean?

7  A.  So that was the total amount of principal net

8  of any interest that had capitalized or -- interest that

9  had capitalized or payments to the principal that had

10 been made between the origination and the date the loan

11 was sold.  Because this loan was opted to be an

12 interest-only payment loan, so payments were to begin

13 while the consumer was still in school.

14     Q.  Okay.  So as of what date is this principal

15 balance referring to?

16 A.  It should be as of the date of the pool

17 supplement, which is December 7, 2006.  I would have to

18 look at the loan financial activity to verify that that

19 amount is there.

20     Q.  And what about "Total Outstanding Gross

21 Principal"?

22 A.  So the gross principal is the principal amount,

23 and it includes the origination fee and any capitalized

24 interest that may have occurred.

25     Q.  Up until presumably December 7, 2006?



EXCEEDING YOUR EXPECTATIONS
COMBS REPORTING, INC.
DEPOSITION REPORTERS • LEGAL VIDEO

 1                DECLARATION OF WITNESS

 2

 3        I hereby declare I am the deponent in the

 4   within matter; that I have read the foregoing

 5   deposition and know the contents thereof, and I

 6   declare that the same is true of my knowledge except

 7   as to the matters which are therein stated upon my

 8   information or belief, and as to those matters, I

 9   believe them to be true.

10        I declare under the penalties of perjury of

11   the State of California that the foregoing is true and

12   correct.

13

14        Executed this _____ day of _____,

15     202___, at _____, _____.
                              (City)                (State)

16

17
          _____
18        BRADLEY LUKE

19

20

21

22

23

24

25



1            ::: CERTIFICATE OF REPORTER :::

2           I, SARAH J. MACDEVITT, a Certified Shorthand
   Reporter, holding a valid and current license issued
3  by the State of California, CSR No. 14175, duly
   authorized to administer oaths, do hereby certify:
4
           That the witness in the foregoing deposition
5  was administered an oath to testify to the whole truth
   in the within-entitled cause.
6
           That said deposition was taken down by me in
7  shorthand at the time and place therein stated and
   thereafter transcribed into typewriting, by computer,
8  under my direction and supervision.

9  (X) Reading and signing was requested/offered.

10 ( ) Reading and signing was waived.

11 ( ) Reading and signing was not requested/offered.

12

13         I further certify that I am neither counsel
   for nor related to any party in the foregoing
14 deposition and caption named nor in any way interested
   in the outcome thereof.

15

16
   DATED:  April 12, 2021
17

18         [signature]

19
   _____
20 SARAH J. MACDEVITT, RPR, CSR
   California Certified Shorthand Reporter 14175
21 Registered Professional Reporter

22

23

24

25

