Erika Heath (SBN 304683)
ERIKA HEATH, ATTORNEY AT LAW
369 Pine St., Ste. 410
San Francisco, CA 94104
Tel.:  (415) 426-7850
erika@heathlegal.com

Attorney for Plaintiff
OSKAR LIZARRAGA-DAVIS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSKAR LIZARRAGA-DAVIS,<br>　　　Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.;<br>　　　Defendant. | Civil Action No. 5:18-cv-4081-BLF<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　　May 4, 2022<br>Time:　　　9:00 a.m.<br>Courtroom:　virtual<br>Judge:　　　Hon. Beth L. Freeman |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ iii

I. INTRODUCTION ........................................................................................................... 1

II. REPLY TO TSI'S FACTUAL BACKGROUND ......................................................... 2

III. ARGUMENT .................................................................................................................. 4

    A. Plaintiff Pleads, And The Evidence Shows, That TSI Violated Section 1692f. ............ 4

    B. TSI Violated The Fair Debt Collection Practices Act. .................................................. 6

    C. TSI's Lacks Documentation to Prove Ownership ......................................................... 8
        a. Credit Agreement and Note Disclosure Statement ................................................... 9
        b. Part 1 of the Assignment .......................................................................................... 9
        c. Part 2 of the Assignment ........................................................................................ 11

IV. RESPONSES TO TSI'S EVIDENTIARY OBJECTIONS ....................................... 11

    A. TSI's Objection No. 1: The 2017 CFPB Consent Order ............................................ 11

    B. TSI's Objection No. 2: The 2020 New York Attorney General Assurance of
        Discontinuance ............................................................................................................ 12

    C. TSI's Objection Nos. 3-5: NCSLT Cases In Mr. Lizarraga-Davis's Region ............. 12

V. PLAINTIFF'S EVIDENTIARY OBJECTIONS PER L.R. 7-3(C) ........................... 12

    A. Objection No. 1: Luke Decl., Ex. 5 ............................................................................. 12

    B. Objection No. 2: Luke Decl., Ex. 3 ............................................................................. 14

    C. Objection No. 3: Luke Decl., Ex. 2 ............................................................................. 14

    D. Objection No. 4: Luke Decl., ¶ 25 .............................................................................. 15

    E. Objection No. 5: Luke Decl., Ex. 6 ............................................................................. 15

VI. CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*389 Orange Street Partners v. Arnold*,
   179 F. 3d 656 (9th Cir. 1999) ................................................................................ 5

*Brown v. Ball*,
   123 Cal.App. 758 (1932) .................................................................................. 9, 10

*Clark v. Los Angeles*,
   650 F.2d 1033, 1037 (9th Cir. 1981) ............................................................. 12, 14

*Cockerell v. Title Ins. & Tr. Co.*,
   42 Cal.2d 284, 292 (1954) ................................................................................ 8, 10

*Delisi v. Midland Funding, LLC*,
   No. 4:14CV2125 RWS, 2015 WL 4393901, at *6 (E.D. Mo. July 16, 2015) ..................... 6, 12

*Fleming v. Lind-Waldock & Co.*,
   922 F.2d 20, 24 (1st Cir.1990) ........................................................................... 5

*Hoffman v. Transworld Sys.*,
   806 F. App'x 549 (9th Cir. 2020) ..................................................................... 5, 6

*Hoffman v. Transworld Sys.*,
   No. C18-1132 TSZ, 2021 WL 22590 (W.D. Wash. Jan. 4, 2021) ......................... 6

*Insurance Co. of N. Am. V. Moore*,
   783 F.2d 1326 (9th Cir. 1986) ............................................................................ 5

*Johnson v. City of Shelby,*
   135 S. Ct. 346 (2014) (per curiam) ............................................................. 1, 4, 5

*Kaiser v. Cascade Cap., LLC*,
   989 F.3d 1127 (9th Cir. 2021) ........................................................................ 1, 4

*Matter of Ollag Construction Equipment Corp.*,
   665 F.2d 43, 46 (2d Cir. 1981) ........................................................................... 10

*Medina v. Nat'l Collegiate Student Loan Tr. 2*,
   No. 17-05276-LT7, 2020 WL 5545682, at *2 (Bankr. S.D. Cal. Aug. 4, 2020) ..................... 10

*Merrill v. Transworld Sys., Inc.*,
   No. 1:20-CV-183, 2020 WL 8474736 (W.D. Mich. Dec. 1, 2020) ........................... 6

*Mission Valley E., Inc. v. Cty. of Kern*,
   120 Cal.App.3d 89, 97 (1981) ............................................................................. 8

*PDVSA U.S. Litig. Tr. v. Lukoil Pan Americas LLC*, ,
   372 F. Supp. 3d 1353 (S.D. Fla. 2019) ........................................................ 10, 13

*United States v. Adefehinti*,
    510 F.3d 319, 326 (D.C. Cir. 2007) ................................................................................ 11

*United States v. Samaniego*,
    187 F.3d 1222, 1224 (10th Cir. 1999) ............................................................................. 10

*Wasco Products, Inc. v. Southwall Techs., Inc.*,
    435 F.3d 989, 992 (9th Cir. 2006) ..................................................................................... 5

**Statutes & Regulations**

15 U.S.C. § 1692e ............................................................................................................... 6, 8

15 U.S.C. § 1692f ............................................................................................................. passim

**Rules**

Fed. R. Civ. P. 8 ...................................................................................................................... 4

Fed. R. Civ. P. 26 .................................................................................................................. 13

Fed. R. Civ. P. 37(c)(1) ......................................................................................................... 13

Fed. R. Evid. 106 ............................................................................................................ 14, 15

Fed. R. Evid. 901(a) ................................................................................................... 10, 11, 13

**Other Sources**

5 C. Wright & A. Miller, § 1219 (3d ed. 2002) ...................................................................... 5

## I. INTRODUCTION

The undisputed evidence in this case shows that Defendant Transworld Systems, Inc. ("TSI") runs roughshod over consumers like Mr. Lizarraga-Davis. Trying to make an informed decision as to TSI's collection efforts, Mr. Lizarraga-Davis requested documentation of ownership of his account. Even though TSI did not have sufficient documentation, it pulled Mr. Lizarraga-Davis into its litigation mill, pressured him to settle, and then ultimately dismissed the case on the eve of trial. These are far from ordinary debt collection activities, as the pain of litigation caused a significant amount of stress and embarrassment for him. *See Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127, 1133-34 (9th Cir. 2021) (acknowledging these harsh effects on consumers who are defending debt collection lawsuits based on unenforceable debts).

Notably, TSI's opposition does not respond to any of the legal arguments raised in Plaintiff's motion. Nor does TSI respond to much of the evidentiary record cited in Plaintiff's motion. Instead, TSI's opposition focuses on (a) a purported pleading defect; and (b) TSI's view that its documentation proves ownership of the account. Both arguments fail.

First, the operative complaint includes section 1692f of the Fair Debt Collection Practices Act (FDCPA) within its scope. Mr. Lizarraga-Davis broadly asserts that "Defendant's acts have violated the FDCPA. These violations include, *but are not limited to*, the following" sample provisions. (ECF 23 ("FAC"), at ¶ 48 (emphasis added).) This language clearly encompasses section 1692f. Moreover, it meets the pleading standards set out by the Supreme Court as recently as 2014, when it made clear that a plaintiff is only required to plead facts, not specific legal theories. *Johnson v. City of Shelby*, 135 S. Ct. 346, 346-47 (2014) (per curiam). In any event, TSI's conduct violates various provisions, not just section 1692f.

TSI's second line of attack – that it has not violated the FDCPA because it has sufficient documentation to prove ownership of the account – is equally meritless. This Court noted deficiencies in TSI's documents more than two years ago when it denied its first summary judgment motion. (ECF 56, at 10.) These cross-motions show just how little has changed since that time. TSI's documentation still includes numerous defects: one page was prepared for

1

purposes of litigation, one page relied upon was never produced in discovery, it remains incomplete, some pages were re-assembled by TSI, the loan is not clearly part of the second assignment, and TSI cannot even authenticate other parts into evidence.

Even viewing that evidence in a light most favorable to TSI, that evidence is clear that TSI commenced litigation against Mr. Lizarraga-Davis without the documentation or intent to prove its claims on contest, in violation of the FDCPA.

## II. REPLY TO TSI'S FACTUAL BACKGROUND

There is no genuine issue of material fact presented in TSI's factual background. Although TSI's background cites to various exhibits in the Declaration of Bradley Luke, it cannot overcome the many deficiencies in that documentation (as explained in III.C. below).

TSI's additional clarifications and/or corrections also fail to show any genuine issue of material fact. Specifically:

1. The fact that TSI did not admit the conduct in the CFPB Consent Order does not create a genuine issue of material fact. TSI concedes that "the Court may take judicial notice that on September 18, 2017, TSI and the CFPB entered into a Consent Order." (ECF 68 ("Def.'s Opp."), at 15.)[1] Thus, regardless of whether the CFPB's factual findings were true, TSI was on notice that the alleged litigation conduct was unfair and deceptive. Moreover, contrary to TSI's assertion as to the timeframe of the order, its provisions expressly apply to "all Collections Lawsuits that were filed between November 1, 2014 and the Effective Date," (*see* ECF 64 (Request for Judicial Notice) ("RJN"), Ex. 12, at ¶ 45.c,) which is defined as the entry date of the order, or September 18, 2017, (*see id.*, at ¶ 2.h.) Because Mr. Lizarraga-Davis's lawsuit was filed on May 6, 2017, it is well within the temporal scope of the order.

2. Likewise, the fact that TSI did not admit the conduct alleged by the New York Attorney General does not create a genuine issue of material fact. The key relevance of the Assurance of Discontinuance is to show that other specific aspects of TSI's conduct at issue here

---

[1] Record citations will cite page numbers appearing at bottom of documents.

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

were considered unfair and deceptive. Whether TSI admitted or denied the factual findings in the AOD is of no concern.

3. TSI does not create an issue of material fact as to its methods of "pair[ing]" signature pages to terms and conditions documents. First, although this description of the pairing process cites the Luke Declaration, the declaration is actually silent on the pairing. If anything, the Luke Declaration illustrates one key concern raised by Plaintiff's cross-motion: that these documents are paired by TSI when it commences debt collection activities, but presented to consumers and courts as authentic, single documents. (*See* ECF 69-1 ("Luke Decl."), ¶ 12 (testifying, "[a]ttached as Exhibit 2 to this Declaration is a true and correct copy of the Credit Agreement signed by Plaintiff," and not disclosing that the pages were "paired" together by TSI).

4. TSI asserts that some documents are complete, despite "an incomplete sequence of [] formerly used page numbers," but as discussed in Plaintiff's evidentiary objections below, the missing page numbers nonetheless evince missing pages.

5. TSI has not established a genuine issue of material fact with regard to the missing Schedule 1. Although TSI asserts "Plaintiff's student loan information was produced in an excerpt of Schedule 1," that statement mischaracterizes the pages in Exhibit 5. The last page of Exhibit 5 is not an "excerpt" but is a document that TSI created from scratch with Microsoft Excel in preparation for litigation. (ECF 63-2, Ex. 10 ("Luke Dep."), at 87:15-17, 90:16-18, 91:1-7, 91:18-21 (collectively, describing process), 88:2-7, 93:5-12 (creation date of the document for Mr. Lizarraga-Davis' loan).) The page before that spreadsheet was never produced in discovery, despite this Court's prior MSJ Order, specifically warning TSI to produce all documentation, and despite Plaintiff's requests. (ECF 56, at 10 ("Plaintiff is entitled to see the documents in their entirety, subject to redactions based on an applicable privilege or the like.").)

6. TSI does not create a genuine issue of material fact regrading Mr. Lizarraga-Davis' loan program. The Credit Agreement page clearly identifies the program as "GMAC Bank Undergraduate Loan," not "Alternative" loan. (Luke Decl., Ex. 2, at p. 1.) The purported terms & conditions page expressly states that the program identified in that section is the

governing program. (*Id.*, at p. 2 ("the applicable loan program is stated on the first page of this Credit Agreement.").) The subsequent reference to a "GMAC Alternative Bank Loan Program" is apparently informational boilerplate, but expressly does not define his specific loan program.

## III. ARGUMENT

Simple debt collection is one thing. But it is quite another thing to invoke the pain of litigation when the collector does not have the ability or intent to prove its case to completion. *See Kaiser*, 989 F.3d at 1133-34. In this motion, TSI does not address any of the legal argument raised by Plaintiff in support of his motion for summary judgment. TSI does not contest that it subjected Plaintiff to debt collection, or that it is a "debt collector." TSI does not even contest Plaintiff's legal theory under the FDCPA section 1692e.

Instead, TSI limits its opposition to two arguments: (a) section 1692f is not asserted in the FAC; and (b) it can prove ownership of the debt, and therefore did not violate the FDCPA. Because these arguments both fail, Plaintiff is entitled to partial summary judgment on liability.

### A. Plaintiff Pleads, And The Evidence Shows, That TSI Violated Section 1692f.

TSI's first line of defense, that "Plaintiff's Complaint does not include a cause of action under § 1692f," (Def.'s Opp., at 7.) is a non-starter.

First, the argument mischaracterizes Plaintiff's complaint, which is inclusive of section 1692f. Plaintiff broadly asserts a cause of action against TSI under the Fair Debt Collection Practices Act. (FAC, at ¶¶ 37-49.) As Plaintiff alleges, "Defendant's acts have violated the FDCPA. These violations include, *but are not limited to*, the following…" subsections. (*Id.*, at ¶ 48.) The language in the FAC therefore expressly includes claims under section 1692f.

But even in the unlikely event TSI were correct that the FAC excludes section 1692f, TSI is incorrect about the legal effect of such ambiguity. The Supreme Court has made clear that a plaintiff is required to plead facts, not legal theories. *See Johnson*, 135 S. Ct. at 346-47. In *Johnson*, summary judgment was entered against the plaintiffs "for failure to invoke 42 U.S.C. § 1983 in their complaint." *Id.*, at 346. In reversing, the Supreme Court noted that Fed. R. Civ. P. 8 did not require the plaintiffs to specifically cite the statute under which they were suing. *Id.*, at

346-347. Instead, a plaintiff is simply required to "plead facts sufficient to show that her claim has substantive plausibility." *Id*., at 347 (citing 5 C. Wright & A. Miller, § 1219, pp. 277-278 (3d ed. 2002) ("The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief.").); *see also Albert v. Carovano*, 851 F.2d 561, 571, n.3 (2d Cir. 1988) ("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters."). In this case, Plaintiff's claims under section 1692f are supported by the factual allegations in the FAC, as well as the undisputed evidence supporting those allegations.

TSI's authority does not lead to a different outcome. While TSI focuses on a quote from *Wasco*, that "[s]ummary judgment is not a procedural second chance to flesh out inadequate pleadings," (Def.'s MPA, at 7,) TSI omits the remainder of that quote, which reaffirms the basic notion that the "necessary *factual* averments are required." *Wasco Products, Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (emphasis added) (quoting *Fleming v. Lind-Waldock & Co*., 922 F.2d 20, 24 (1st Cir.1990)). The *Wasco* plaintiff did not allege those necessary facts. *Id*., at 990 ("No allegation of conspiracy or agreement between the companies appears in Wasco's complaint."). Moreover, neither *Arnold* nor *Moore* is clear about whether the pleading deficiency was factual or legal, but the claims were notably far different than the claims actually asserted and likely had different factual elements. *See 389 Orange Street Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (breach of trust claims); *Insurance Co. of N. Am. V. Moore*, 783 F.2d 1326, 1328 (9th Cir. 1986) (breach of duty of good faith and fair dealing). Further, none of this authority escapes the on-point Supreme Court decision in *Johnson*.

TSI's refusal to respond to section 1692f is also noteworthy for another reason. The Ninth Circuit has already noted that TSI's "attempts to collect debts with false affidavits and without the necessary documentation to prove their claims plausibly alleged the use of 'unfair or unconscionable means to collect or attempt to collect any debt.'" *Hoffman v. Transworld Sys., Inc*., 806 F. App'x 549, 552 (9th Cir. 2020).

Here, TSI has been on notice that it is defending a case under the FDCPA; the complaint broadly asserts a cause of action under the FDCPA. Plaintiff even referenced section 1692f in summary judgment briefing over three years ago. (ECF 41, at pp. 14-15.) Moreover, the facts, as alleged, show a cause of action under section 1692f. TSI cannot evade its responsibilities under that provision based on a non-existent pleading technicality.

### B. TSI Violated The Fair Debt Collection Practices Act.

As explained above, TSI does not respond to any of the legal arguments raised by Plaintiff regarding whether TSI's conduct violated the FDCPA. Instead, TSI hones its opposition on the evidence and argues that Plaintiff is not entitled to summary judgment on these facts. TSI's argument is incorrect.

As this Court has already recognized, "the filing of a debt collection lawsuit, without sufficient evidence at the time of filing, and without the intent to investigate or fully prosecute the case, may constitute a false or misleading representation in violation of the FDCPA." (ECF 56, at 9 (quoting *Delisi v. Midland Funding, LLC*, No. 4:14CV2125 RWS, 2015 WL 4393901, at *6 (E.D. Mo. July 16, 2015)).) And many courts, including the Ninth Circuit, have found claims against TSI for these very allegations. *See Hoffman*, 806 F. App'x at 552; *Merrill v. Transworld Sys., Inc.*, No. 1:20-CV-183, 2020 WL 8474736, at *9 (W.D. Mich. Dec. 1, 2020), report and recommendation adopted, No. 1:20-CV-183, 2021 WL 210715 (W.D. Mich. Jan. 21, 2021) ("Plaintiff Merrill has stated a valid FDCPA [1692e] claim against TSI based on the alleged false misrepresentation that the Trusts owned the loans in question and the filing of a false or misleading affidavit in the Merrill Grand Traverse County Circuit Court case."); *Hoffman v. Transworld Sys. Inc.*, No. C18-1132 TSZ, 2021 WL 22590, at *5 (W.D. Wash. Jan. 4, 2021) (on remand, noting TSI's alleged practices stated claims under 1692e(2)(A) and 1692e(10)).

Rather than respond to these legal theories, TSI repeatedly argues that Plaintiff has no evidence to support FDCPA liability. (Def's Opp., at 8-9.) This conclusory argument does not even acknowledge, let alone respond to, the evidence that Mr. Lizarraga-Davis has presented in support of his FDCPA claim. This evidence includes that TSI engaged Patenaude & Felix to file

a collection lawsuit against Mr. Lizarraga-Davis. (Luke Dep., at 106:19-107:3.) P&F contacted him regarding the debt. Mr. Lizarraga-Davis did his best to make informed decisions about the debt collection activity commenced by TSI, but continued to be given incomplete assignment information by P&F. (*See* ECF 63-1 ("Lizarraga-Davis Decl."), ¶¶ 3-4, 6, 7, 9, Exs. 1-4.) Rather than provide him with complete information, P&F sued him, tried to pressure him to settle, and then dismissed the case on the eve of trial. (*Id.*, ¶¶ 12, 20, Exs. 6, 9.) Mr. Lizarraga-Davis is not alone. On average, TSI files approximately 2,000 collection lawsuits every month for an NCSLT entity, (*see* 63-3, ¶ 2,) but it only sends witnesses out to testify in less than two dozen cases every month, (*see* Luke Dep., 123:22-124:4, 124:9-23.) Importantly, in Mr. Lizarraga-Davis' home region, TSI has amassed many default judgments and settlements, but has never prosecuted a case to completion. (*See* RJN, Exs. 14, 15, 16.)

All along, TSI lacked the ability and intent to prove ownership of the debt. Because TSI responds to a number of issues related to its documentation, that issue will be addressed under a separate heading in III.B. below.

As this evidence shows, Mr. Lizarraga-Davis does not rely on the enforcement actions against TSI as an "it happened there so it must have happened here" approach. (*See* Def.'s Opp., at 9.) Factually, the CFPB Consent Order put TSI on notice as to the unlawfulness of its practices, which is certainly relevant to Mr. Lizarraga-Davis's FDCPA claims. But more importantly, from a legal perspective, the enforcement actions provide persuasive authority that the exact conduct at issue here is both unfair and deceptive. Specifically, the CFPB found it both unfair and deceptive TSI's practice of filing lawsuits without the intent or ability to prove the claims if contested. The New York Attorney General specifically found deceptive TSI's practices that (a) it creates loan schedule "excerpts" from scratch for purposes of litigation; and (b) it produces assignment documents "referencing loan programs… [that] were not an exact match." The undisputed facts at issue with Mr. Lizarraga-Davis' loan show that TSI's specific conduct towards him was unfair and deceptive in the exact same way.

The case disposition for collection actions filed by NCSLT entities in Mr. Lizarraga-Davis' region is also highly relevant to his FDCPA claims. First, they highlight TSI's "unfair" practices towards consumers – an issue TSI expressly opted not to address. Second, even under section 1692e, the fact that TSI regularly files so many consumer lawsuits, obtains defaults or settlements, and dismisses the ones that are pressed for trial – just as it did in Mr. Lizarraga-Davis's case – shows that TSI generally lacks the intent or ability to prove the claims that are contested, which is still relevant for claims under section 1692e. (*See* ECF 56, at 9.)

TSI argues that Mr. Lizarraga-Davis "lack[s] standing to challenge the assignment," (Def.'s Opp., at 10,) but this argument is a red herring. Mr. Lizarraga-Davis does not directly challenge the validity of the purported assignments; nor does he attempt to void them. He challenges whether TSI can prove the assignments took place, and thus prove ownership of the account sufficiently enough to proceed to litigation. If TSI cannot make that proof, then it should not pull consumers such as Mr. Lizarraga-Davis into its collection litigation mill.

Because the undisputed facts show TSI violated the FDCPA, this Court should grant partial summary judgment in his favor.

**C.    TSI's Lacks Documentation to Prove Ownership**

TSI's sole opposition to the merits of the FDCPA claim is that it has documentation to show proper ownership of Mr. Lizarraga-Davis's account. As explained exhaustively throughout these cross-motions, that is not the case. TSI's opposition still does not overcome those deficiencies.

As a threshold matter, TSI does not attempt to show how this documentation is sufficient under California law to prove ownership. As pointed out in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, California law requires any written assignment document be "clear and positive" about the rights being assigned, and it also requires proof that the individuals assigning the account actually had authority to do so. (*See* ECF 67, at 1 (citing *Mission Valley E., Inc. v. Cty. of Kern*, 120 Cal.App.3d 89, 97 (1981); *Cockerell v. Title Ins. &*

*Tr. Co.*, 42 Cal.2d 284, 292 (1954); *Brown v. Ball*, 123 Cal.App. 758, 765-66 (1932)). TSI never even attempts to acknowledge this standard, much less apply it.

TSI's silence on the proper California standard is glaring, not just because of the enforcement actions against it, but because the documentation in Mr. Lizarraga-Davis' case in particular falls far short of this standard. Even viewing this evidence in a light most favorable to TSI, its opposition brief fails to create any genuine issue of material fact on this point.

### a. Credit Agreement and Note Disclosure Statement

Plaintiff's concerns with the Credit Agreement are in the nature of evidentiary objections, and are presented in Objection No. 3 below.

### b. Part 1 of the Assignment

#### i. Schedule 1

By its terms, Part 1 of the assignment only assigns accounts "described in the attached Schedule 1." (Luke Decl., Ex. 5, at Article 1.) Although TSI insists that Schedule 1 "is not missing," there is no attachment that is identified as "Schedule 1."

Instead, TSI relies on what it calls "an excerpt of Schedule 1." (Def.'s Opp., at 12.) But as described in Objection No. 1 below, this "excerpt" is not truly an "excerpt," but is a spreadsheet created from scratch in Microsoft Excel after the account is placed with a law firm for litigation. TSI does not and cannot dispute that the page was created for purposes of litigation. But it does not disclose that fact to consumers, or to courts. (*See e.g.*, ECF 45, at ¶ 16.) Also as discussed in Objection No. 1, a document that is created for purposes of litigation is not admissible under the business records exception to hearsay.

In an apparent attempt to circumvent that problem, TSI points to the page before it, and insists "there is no material difference in the loan information as it appears in the print-out of the Schedule 1 page that includes Plaintiff's loan and the excerpt." (Def.'s Opp., at 12.) But that statement ignores that the "Schedule 1 page" is still not identified as "Schedule 1," and even more importantly, that page was never produced in discovery (as also discussed in Objection No. 1 below). (*Compare* ECF 45, Ex. 3, and Luke Dep., Ex. 6 (both showing only the "excerpt"

9

produced in discovery), *with* Luke Decl., Ex. 5 (adding an additional page that was not produced in discovery).

Plaintiff does not contend, as TSI claims, that it must produce "irrelevant data and sensitive data of third-parties" to establish ownership. (Def's Opp, 12.) The point is that TSI has produced nothing aside from the one page that was created by TSI for litigation, and now, a new unlabeled page that was never produced in discovery.

### ii. Authentication of signatures

TSI does not dispute that it is unable to authenticate the signatures on Part 1 of the assignment, but instead argues that it is not required to do so. The inability of TSI's Person Most Knowledgeable on these documents to authenticate its signatures presents two problems for it.

First, as described in Objection No. 1, the document cannot come into evidence if TSI cannot authenticate its signatures. *PDVSA U.S. Litig. Tr. v. Lukoil Pan Americas LLC*, 372 F. Supp. 3d 1353, 1359 (S.D. Fla. 2019), *aff'd sub nom.*, 991 F.3d 1187 (11th Cir. 2021). Although authentication is admittedly not a high bar, TSI cannot meet it. And if TSI cannot meet it today, after litigating this case for almost four years, it certainly was not in a position to meet it when it was suing Mr. Lizarraga-Davis.

Second, California law requires an assignor to prove the individuals assigning the account actually had authority to do so. *See Brown*, 123 Cal. App. at 765-66; *Cockerell*, 42 Cal. 2d at 292. TSI cannot even identify the individuals in the assignment, or otherwise authenticate their signatures. Thus, as a matter of law, TSI cannot meet this requirement.

The cases TSI cites to escape this authentication requirement are inapposite. In *Medina*, the consumer "raised no objection to any particular exhibit," and no discussion was had about Mr. Luke's ability (or inability) to authenticate signatures on the trust document. *Medina v. Nat'l Collegiate Student Loan Tr. 2*, No. 17-05276-LT7, 2020 WL 5545682, at *2 (Bankr. S.D. Cal. Aug. 4, 2020). The other cases, while dealing with the business records exception to hearsay, do not deal with the separate prerequisite of authenticating the document under Fed. R. Evid. 901. *United States v. Samaniego*, 187 F.3d 1222, 1224 (10th Cir. 1999); *Matter of Ollag Construction*

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

*Equipment Corp.*, 665 F.2d 43, 46 (2d Cir. 1981); *United States v. Adefehinti*, 510 F.3d 319, 326 (D.C. Cir. 2007). Rule 901(b)(1) still requires the testimony of a witness with knowledge.

   **c.**  **Part 2 of the Assignment**

  Part 2 of the Assignment does not identify any specific loans being assigned. Instead, it broadly assigns loans under the "GMAC Alternative Loan Program." (Luke Decl., Ex. 6.) But it is not "clear and positive" that Mr. Lizarraga-Davis' loan is part of that "alternative" program.

  In fact, the signature page of Mr. Lizarraga-Davis' loan says otherwise. In the section titled, "LOAN PROGRAM INFORMTION," the program is stated simply as "GMAC Bank Undergraduate Loan." Nothing on the signature page references an "Alternative" Loan Program. (Luke Decl., Ex. 2, at p. 1.) This loan program identified on the signature page governs. In fact, even the provision cited by TSI in the following pages makes clear that "the applicable loan program is stated on the first page of this Credit Agreement." (*Id*., at p. 2.) The boilerplate language then runs through a couple of different programs (including the Alternative Loan Program), but the boilerplate does not indicate that the loan is part of any of those programs. Instead, that provision expressly directs us to page 1 for the "applicable loan program," which is stated as the "GMAC Bank Undergraduate Loan."

**IV.**  **RESPONSES TO TSI'S EVIDENTIARY OBJECTIONS**

  **A.**  <u>**TSI's Objection No. 1:**</u> **The 2017 CFPB Consent Order**

  The CFPB Consent Order is highly relevant to this action. It shows that TSI had notice that the collection activity asserted in this matter was unfair and deceptive. Moreover, TSI misstates the time period covered by the Consent Order. Its provisions expressly apply to "all Collections Lawsuits that were filed between November 1, 2014 and the Effective Date," (*see* RJN, Ex. 12, at ¶ 45.c,) which is defined as the entry date of the order, or September 18, 2017, (*see id*., at ¶ 2.h.) Because Mr. Lizarraga-Davis's lawsuit was filed on May 6, 2017, it is well within that applicable time frame. TSI's distortion is based on a reference to an entirely different term, the "Relevant Period." (*See* Def.'s Opp, at 15 (citing RJN, Ex. 12, § IV, ¶ 3.m.; § V, ¶¶ 15,

17, 25)).) Because that term is not used in the text of the order, it is difficult to understand its import, but the order expressly applies to Mr. Lizarraga-Davis's collection lawsuit.

### B. TSI's Objection No. 2: The 2020 New York Attorney General Assurance of Discontinuance

The Assurance of Discontinuance (AOD) is relevant to show that the exact same conduct at issue in this case, including the creation of the "excerpted" schedules for purposes of litigation, and producing assignment documents that do not precisely match the name of the loan, were found to be deceptive. Moreover, at a minimum, these conclusions bear some persuasive authority over the issues in this case.

### C. TSI's Objection Nos. 3-5: NCSLT Cases In Mr. Lizarraga-Davis's Region

These court cases are relevant to show that TSI did not have the intent to fully prosecute the many cases it filed. That is highly relevant under the "unfair" prong of section 1692f, but as this Court recognized in its first summary judgment, it is also relevant to section 1692e. (ECF 56, at 9 (citing *Delisi*, 2015 WL 4393901, at *6).)

## V. PLAINTIFF'S EVIDENTIARY OBJECTIONS PER L.R. 7-3(c)

Although Plaintiff's evidentiary objections mirror those raised in opposition to Defendant's Motion for Summary Judgment, they will be reasserted as relevant to the cross-motion.

### A. Objection No. 1: Luke Decl., Ex. 5

**Grounds:** Hearsay, document not produced in discovery, and lacks authentication.

**Explanation:** There are three components to Exhibit 5, each of which is objectionable in its own way. The last page of Exhibit 5 constitutes hearsay. Presumably, TSI wishes to present it under the business records exception, but it is well-established that a "document prepared for purposes of litigation is not a business record because it is lacking in trustworthiness." *Clark v. Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981). The last page of Exhibit 5 was prepared on March 16, 2017, after TSI had assigned Mr. Lizarraga-Davis's account to Patenaude & Felix to litigate a collection lawsuit. (Luke Dep., 88:2-7, 93:5-12 (creation of the document), 106:19-

107:3 (account assigned to collection law firm on March 7, 2017).) Because it was prepared in anticipation of the litigation against Mr. Lizarraga-Davis, it is not admissible evidence.

The next-to-last page in Exhibit 5 (the redacted spreadsheet) is a new addition that was never produced in discovery. (ECF 63-2 ("Heath Decl."), ¶ 5.) Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires a party to provide to the other party a copy or description "of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Under Rule 37(c)(1), if a party fails to "provide information… as required by Rule 26(a) or (e), the party is not allowed to use that information… to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In this particular matter, there can be no justification for TSI to withhold this document until today. When the Court denied TSI's summary judgment motion almost three years ago, it was expressly stated that Defendant can re-file the instant summary judgment motion "if appropriate, once Plaintiff has been afforded access to the loan documents *in their entirety* and the record has been more fully developed." (ECF 56, at 11 (emphasis added).) In accordance with the Court's order, Plaintiff's counsel specifically reiterated her request for such documents, (*see* Heath Decl., ¶ 4, Ex. 11,) and took a Rule 30(b)(6) deposition regarding the documents that had been produced, (*id*., at ¶ 3, Ex. 10,). Now, almost a year after the close of discovery, TSI produces another page out of thin air that it wishes to rely upon. In these circumstances, the Court should not permit TSI to play so fast and loose with the Rule 26 so long after the close of discovery.

The first five pages should independently be excluded from evidence, as Bradley Luke cannot authenticate them. To be sure, authentication is not a high bar, it simply requires that "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). But a witness who has no knowledge as to the authenticity of a signature appearing on an agreement cannot authenticate it. *PDVSA*, 372 F. Supp. 3d at 1359 ("Plaintiff was unable to authenticate the other three signatures [on the Trust Agreement], including anyone with authority to take action on behalf of [the trust]…

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

1  Accordingly, the Court finds that Plaintiff has failed to establish the admissibility of the Trust
2  Agreement."). In his Rule 30(b)(6) deposition, Bradley Luke likewise could not verify the
3  signatures on the document. (Luke Dep., 83:13-85:3.) Notably, Mr. Luke was completely
4  unable to identify one of the signatories, and conceded he "can't be certain" that the signature
5  appearing on the document was that person's real signature. (*Id.*, at 84:19-85:3.) He therefore
6  cannot authenticate the remainder of the document.

### B. <u>Objection No. 2:</u> Luke Decl., Ex. 3

**Grounds:** Rule of completeness.

**Explanation:** The rule of completeness is embodied in Fed. R. Evid. 106. As shown in the upper-left hand corner of this document, this particular exhibit is page 3 of 18. Despite the nature of the Court's prior summary judgment ruling, the remaining 17 pages have not been produced. Apparently, TSI does not have those pages. (*See* Luke Dep., 81:20-82:6.) This partial document should therefore not be admitted into evidence.

### C. <u>Objection No. 3:</u> Luke Decl., Ex. 2

**Grounds:** Hearsay, rule of completeness.

**Explanation:** Exhibit 2 is hearsay. As described above, documents prepared for litigation cannot satisfy the business records exception to hearsay. See *Clark*, 650 F.2d at 1037. Although Mr. Luke presents Exhibit 2 as "a true and correct copy of the Credit Agreement signed by Plaintiff," (Luke Decl., ¶ 12,) his deposition reveals that this document is assembled by TSI. According to Mr. Luke, the signature page is received from the prior servicer, and then TSI pairs that page with various documents that it believes constitutes the remainder of the agreement. (Luke Dep., 71:20-72:6, 72:13-15 (terms & conditions pages), 73:7-17 (co-signor notice).) These different pages all continued to be stored in TSI's systems as different files. (*Id.*, at 75:1-8.) TSI then apparently consolidates these files to present to the court as a single document. (*See* Luke Decl., at ¶ 12.) Because this "credit agreement" is actually re-created by TSI to present to the court, it cannot fall under the business records exception to hearsay.

The document is also incomplete. *See* Fed. R. Evid. 106. The signature page itself indicates that it is "page 2 of 2," but TSI readily concedes it does not have the first page, and would not have been given it by AES. (Luke Dep., at 70:20-71:6.)

### D. <u>Objection No. 4:</u> Luke Decl., ¶ 25

Specifically, this statement in paragraph 25: "As evidenced by the foregoing and in simplest chain-of-title terms, Plaintiffs loan originated with GMAC Bank in June 2006 pursuant to the GMAC Bank Alternative Loan Program."

**Grounds & Explanation:** Lacks foundation, misstates evidence. There is no evidence that Plaintiff's loan was made "pursuant to the GMAC Bank Alternative Loan Program."

### E. <u>Objection No. 5:</u> Luke Decl., Ex. 6

**Grounds & Explanation:** Relevance, lacks foundation. As stated in the above objection, there is no evidence that Plaintiff's loan was made "pursuant to the GMAC Bank Alternative Loan Program." TSI has therefore failed to show relevance or the proper foundation for Exhibit 6 to be admitted, which purports to assign only such loans from GMAC Bank.

## VI. CONCLUSION

The undisputed evidence in this case supports the legal theories upheld by many courts and regulators: TSI's litigation conduct violates the FDCPA, and it certainly does so in Mr. Lizarraga-Davis' case. This Court should grant him partial summary judgment as a result.

Dated: <u>April 21, 2022</u>    ERIKA HEATH, ATTORNEY AT LAW

<u>/s/ Erika Heath</u>
Erika Heath
Attorney for Plaintiff
OSKAR LIZARRAGA-DAVIS