James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle South, Suite 260
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   877/334-0661
jschultz@sessions.legal
dkirkpatrick@sessions.legal

*Attorneys for Defendant Transworld Systems Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSKAR LIZARRAGA-DAVIS, | ) | Case No.   5:18-cv-04081-BLF |
| | ) | |
| Plaintiff, | ) | DEFENDANT TRANSWORLD |
| | ) | SYSTEMS INC.'S NOTICE OF |
| vs. | ) | MOTION AND MOTION FOR |
| | ) | LEAVE TO FILE MOTION FOR |
| TRANSWORLD SYSTEMS INC., | ) | RECONSIDERATION; |
| | ) | MEMORANDUM OF POINTS AND |
| Defendant. | ) | AUTHORITIES IN SUPPORT |
| | ) | |
| | ) | Judge Beth Labson Freeman |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

1

## <u>NOTICE OF MOTION</u>

2      NOTICE IS HEREBY GIVEN that Defendant Transworld Systems Inc.

3 ("TSI") hereby moves this Court for an order granting TSI leave to file a motion for

4 reconsideration of this Court's July 15, 2022 Order Granting Plaintiff's Motion for

5 Partial Summary Judgment on Liability and Denying Defendant's Motion for

6 Summary Judgment, ECF 75 (the "Summary Judgment Order").

7      TSI respectfully submits this Motion for Leave to File a Motion for

8 Reconsideration (the "Motion") pursuant to Civil L.R. 7-9 and Fed. R. Civ. P. 54(b).

9 This Motion is based on the grounds that the Court, in the Summary Judgment

10 Order, improperly excluded dispositive evidence presented by TSI and then, based

11 solely on the purported lack of that evidence, made a finding of liability against TSI

12 for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

13 § 1692 *et seq.*

14      This Motion is based upon this Notice of Motion, the following

15 Memorandum of Points and Authorities, the summary judgment record, the

16 complete records and files herein, and upon such evidence and arguments that may

17 be presented before the time of the Court's ruling on the Motion.

18

19

20

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.   INTRODUCTION

3

Plaintiff claims TSI violated the FDCPA by causing him to be sued on a

4

defaulted student loan debt TSI services, purportedly without evidence of the debt

5

and its assignment from the lending bank to the Trust that now owns the loan.  At

6

issue on the parties' cross-motions for summary judgment was whether Plaintiff's

7

student loan—which he does not deny owing—was included in an electronic

8

schedule of pooled loans assigned from the bank to the Trust.

9

In support of its own motion and to oppose Plaintiff's cross-motion, TSI

10

submitted two one-page printouts from that electronic schedule specifically

11

identifying Plaintiff's loan.  One was on a printed list, including other redacted

12

loans, as Plaintiff's loan would be displayed when viewing the electronic schedule

13

in its native format on a computer screen (the "Screenshot"[1]).  The other was a .pdf

14

printout limited to the electronic file's headers and the corresponding cells of data

15

specific to Plaintiff's loan (the "Schedule Excerpt"[2]).   In both forms, the

16

*information* regarding Plaintiff's loan is <u>identical</u>.

17

18

---

19

[1] The Summary Judgment Order refers to this printout as a "redacted excerpt" of the electronic loan schedule.

20

[2] The Summary Judgment Order refers to this printout as a "Roster," evidently derived from the word "Roster" in the title header within the electronic schedule file and reflected on the Schedule Excerpt including that header.

1   Nevertheless, adopting Plaintiff's arguments that "[the Screenshot] was not

2   produced in discovery, and [the Schedule Excerpt] was prepared for purposes of

3   litigation[,]" ECF 67 at p. 1, the Court sustained Plaintiff's exceptions to both

4   printouts submitted by TSI.  Having excluded the printouts as inadmissible, the

5   Court denied TSI's Motion for Summary Judgment and granted Plaintiff's Motion

6   for Summary Judgment on liability, finding "that Transworld has failed to present

7   evidence sufficient to create a factual dispute whether it engaged in collection

8   activity prohibited by the FDCPA."   Summary Judgment Order at p. 16.

9   Respectfully, the Court was wrong.

10   First, both the Screenshot and the Schedule Excerpt are admissible originals

11   of electronically stored information pursuant to the Federal Rules of Evidence.

12   Plaintiff was provided the information depicted in the Screenshot in discovery in

13   the form of the Schedule Excerpt.  Likewise, the Schedule Excerpt was not created

14   or prepared for purposes of litigation; it was printed in a format "readable by sight"

15   and "accurately reflects the information" in the electronic loan schedule.  Fed. R.

16   Evid. 1001(d).  In other words, the formatting of the electronic data for printing

17   does not change its admissibility.

18   Second, evidence need not be in admissible form to be considered in

19   *opposition* to a motion for summary judgment.  Plaintiff offered no evidence that

20   the loan schedule did not exist or that his loan was not on that schedule.  Rather, he

Notice of Motion and Motion for Leave to File Motion for Reconsideration; Memorandum of Points and Authorities in Support

4

objected to the admissibility of the printouts produced by TSI.  Even assuming those printouts were inadmissible in the forms produced (they are not), that would not necessarily foreclose their admissibility—or the admissibility of the electronically stored information from which they were printed—at trial.  Indeed, TSI could have presented witnesses from the lending bank or others who could testify to the inclusion of Plaintiff's loan in the sale of pooled loans from the bank.  The Court should not have entered summary judgment *against TSI* for lack of this evidence, even if it had properly refused to consider that evidence on TSI's motion.

Finally, the Screenshot and the Schedule Excerpt are *not hearsay at all* to the extent they are offered, not for the truth of the matter asserted therein, but to counter Plaintiff's *plainly untrue allegation* that documents establishing the Trust's ownership of his Loan *do not exist*.  TSI respectfully requests the Court permit it to file a motion for reconsideration of the Summary Judgment Order.

## II.    BACKGROUND

On October 8, 2018, Plaintiff Oskar Lizarraga-Davis ("plaintiff") filed the operative First Amended Complaint ("FAC").  ECF 23.

In the FAC, plaintiff alleges TSI violated the FDCPA by initiating a lawsuit against him in the name of National Collegiate Student Loan Trust 2006-4

("NCSLT 2006-4")[3] when "the documentation to prove the alleged debt even exists and is owed to NCSLT 2006-4 *does not exist*" and that "TSI knows that this documentation *does not exist*, and that it could not have proven its case against Mr. Lizarraga-Davis if pressed to do so."  FAC at ¶¶ 27, 33 (emphasis added); *see also* Summary Judgment Order at p. 3 (Plaintiff "disputes *the existence of documentation* showing that his student loan was included in that sale.").

On March 30, 2021, plaintiff's counsel took the Fed. R. Civ. P. 30(b)(6) deposition of TSI's Director of Operations, Bradley Luke.  *See* ECF 67-1, Exh. 10. At the deposition, plaintiff's counsel examined Mr. Luke thoroughly regarding the electronic loan schedule from which the Screenshot and the Schedule Excerpt were printed, including the process by which TSI copied, pasted, and printed the Schedule Excerpt to a .pdf printout.  *Id*.  Subsequently, while they worked to resolve any remaining discovery disputes, the parties filed a joint stipulation to extend the time to file motions to compel discovery.  *See* ECF 59, 60.  Evidently satisfied with the discovery, however, plaintiff did not thereafter file a motion to compel further discovery, including the production or inspection of the electronic loan schedule in its native form.

---

[3] NCSLT 2006-4 is the Delaware Statutory Trust that owns Plaintiff's loan and for which TSI is the post-default Subservicer and record custodian.

On cross-motions for summary judgment, TSI introduced copies of the Pool Supplement and Deposit and Sale Agreement pursuant to which plaintiff's loan (the "Loan") was sold in a simultaneous 2-step process from the original lender, GMAC Bank, to an intermediary depositor, The National Collegiate Funding, LLC ("NCF"), and then to NCSLT 2006-4.  *See* March 22, 2022 Declaration of Bradley Luke ("Luke Supporting Decl."), ECF 62-1, at Exhs. 5 (Pool Supplement) and 6 (Deposit and Sale Agreement) and April 14, 2022 Declaration of Bradley Luke ("Luke Opposing Decl." and, together with the Luke Supporting Decl., the "Luke Decls."), ECF 68-1, at Exhs. 5 (Pool Supplement) and 6 (Deposit and Sale Agreement).

Pursuant to that Pool Supplement, over a thousand loans—including Plaintiff's Loan—were "pooled" and sold together from GMAC Bank, as reflected on an electronic schedule detailing information about the loans, including the borrowers' Social Security Numbers, disbursement dates, disbursement amounts, principal and interest balances at the time of the sale, etc. (the "Schedule").  Luke Decls. at ¶ 20, Exh. 5.  The electronic data comprising the Schedule is included within a native .xls Microsoft Excel file maintained by TSI.  ECF 67-1 at p. 25.[4]

---

[4] This page citation refers to the ECF Page Number.

Contained within the Schedule is a row of 25 "cells" of data specific to the Loan (the "Loan Data") that demonstrates the Loan's inclusion in the Transferred GMAC Bank Loans scheduled to the Pool Supplement. *See* Exh. 5 to the Luke Decls. The cells in this row correspond to header cells for the respective columns of data. These header cells (the "Header Data") include the text "National Collegiate Student Loan Trust 2006-4 Roster", "Lender", "Lender Code", etc. *Id*.

The Pool Supplement filed by TSI as Exhibit 5 to each of the Luke Decls. included two printouts of the Loan Data.  Luke Decls. at ¶ 20, Exh. 5.

The first—the Screenshot—was a printout of the Loan Data as it would appear when viewing the row of information on a computer screen in Microsoft Excel.  *See id*.  The filed copies of the Screenshot also included redactions to the cells of data relating to other individuals' loans not at issue in this lawsuit, as well as to the first 5 digits of plaintiff's Social Security Number.  *Id*.

The second—the Schedule Excerpt—was formatted for printing to include only the Loan Data and corresponding Header Data.  The Schedule Excerpt was also redacted to remove the first 5 digits of plaintiff's Social Security Number under the "BSSN" header.  *Id*.

Both the Screenshot and the Schedule Excerpt depict the exact same information, *i.e.*, the Loan Data, from the Excel file.  *Id*. at Exh. 5.

Notice of Motion and Motion for Leave to File Motion for Reconsideration; Memorandum of Points and Authorities in Support

8

1    **III.    LEGAL ARGUMENT**

2    **A.    Leave to File Motion for Reconsideration Standard.**

3    "Before the entry of a judgment adjudicating all of the claims and the rights

4    and liabilities of all the parties in a case, any party may make a motion before a

5    Judge requesting that the Judge grant the party leave to file a motion for

6    reconsideration of any interlocutory order on any ground set forth in Civil L.R.

7    7-9(b)."   Civil L.R. 7-9(a); *see also* Fed. R. Civ. P. 54 ("[A]ny order or other

8    decision, however designated, that adjudicates fewer than all the claims or the rights

9    and liabilities of fewer than all the parties … may be revised at any time before the

10   entry of a judgment adjudicating all the claims and all the parties' rights and

11   liabilities.").   Additionally, "[t]he moving party must specifically show reasonable

12   diligence in bringing the motion and one of the following:

13   (1) That at the time of the motion for leave, a material difference in fact
     or law exists from that which was presented to the Court before entry
14   of the interlocutory order for which reconsideration is sought. The party
     also must show that in the exercise of reasonable diligence the party
15   applying for reconsideration did not know such fact or law at the time
     of the interlocutory order; or
16
     (2) The emergence of new material facts or a change of law occurring
17   after the time of such order; or

18   (3) A manifest failure by the Court to consider material facts or
     dispositive legal arguments which were presented to the Court before
19   such interlocutory order."

20   *Stickles v. Atria Senior Living, Inc*., No. C 20-9220 WHA, 2022 WL 183445, *1

1  (N.D. Cal. Jan. 20, 2022) (quoting Civil L.R. 7-9(b)).  "Unless otherwise ordered

2  by the assigned Judge, no response need be filed and no hearing will be held

3  concerning a motion for leave to file a motion to reconsider."  Civil L.R. 7-9(d).

4         Considering the complexity of the factual and legal issues underpinning the

5  Motion, TSI has shown "reasonable diligence" in bringing the Motion.  Apart from

6  a settlement conference to be held before Magistrate Judge Cousins on September

7  30, 2022, all that remains in the case are the final pretrial conference in November

8  and the trial set to begin December 9, 2022.  Accordingly, there has been no

9  prejudice to any party or burden on the Court as a result of the timing of TSI's

10  Motion, as there has not been any substantive litigation since the Summary

11  Judgment Order.  Indeed, reconsideration of the Summary Judgment Order should

12  be granted to *conserve* the resources of the parties and the Court by preventing

13  reversible error prior to a trial on plaintiff's purported damages.  Respectfully, the

14  Court manifestly failed "to consider material facts or dispositive legal arguments"

15  regarding the admissibility of the Screenshot and Schedule Excerpt, leading to an

16  erroneous ruling on liability against TSI.

17         Further, "[e]ven if a motion for leave to file a motion to reconsider does not

18  satisfy Rule 7-9, district courts have the inherent authority to modify interlocutory

19  orders prior to entry of final judgment."  *SA Music LLC v. Apple, Inc*., No. 3:20-

20  CV-02146-WHO, 2022 WL 1814148, *1 (N.D. Cal. June 2, 2022) (citing *Amarel*

*v. Connell*, 102 F.3d 1494 (9th Cir. 1996), *as amended* (Jan. 15, 1997)).

**B.    The Court Improperly Sustained Plaintiff's Objections To The Screenshot and the Schedule Excerpt.**

### 1.    The Screenshot And Schedule Excerpt Are Admissible ESI.

Both the Screenshot and Schedule Excerpt are originals of the same electronically stored information.  That information, regardless of its form, (1) was produced in discovery, and (2) was not "prepared for purposes of litigation." Accordingly, the Court should not have sustained plaintiff's evidentiary objections and, instead, should have granted summary judgment for TSI and against plaintiff.

"For electronically stored information, 'original' means any printout--or other output readable by sight--if it accurately reflects the information."  Fed. R. Evid. 1001(d).  A .pdf printout of electronically stored information is admissible as an original of the stored information.  *See Rosales v. Coca-Cola Sw. Beverages LLC*, 2019 WL 1493359, *4 (W.D. Tex. Apr. 3, 2019) ("However, Plaintiff's contention fails to account for the definition of an 'original' printout of electronically stored information provided by Rule 1001. Here, Defendant produced a PDF printout of electronically stored information that is an output readable by sight. Thus, the proffered evidence is an 'original' for purposes of the best evidence rule.").

"Obviously, where data are originally entered and stored in a computer, nothing akin to a conventional documentary original will be created.  Thus, all

printouts are equally admissible once the proponent has fulfilled the burden of showing that the computer's hardware and software accurately retrieved the stored data."   2 McCormick On Evid. § 235 (8th ed.).   Accordingly, electronic loan servicing records—even where portions of the records were created by prior loan servicers[5]—are originals under the Federal Rules of evidence and admissible as business records.   *See U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Jones*, 925 F.3d 534, 540 (1st Cir. 2019); *see also United States ex rel. Savage v. CH2M Hill Plateau Remediation Co*., 2021 WL 797912, *3 (E.D. Wash. Jan. 15, 2021) ("CH2M moves to exclude the use of printouts from databases to prove the contents of those databases at any time prior to the creation of the printout. … The Court denied this motion *in limine*. … If Savage lays proper foundation and offers testimony that the printout 'accurately reflects the information' in the database, it will be admitted as an original.") (citing *Jones*, 925 F.3d at 540); *Shaffstall v. Old Dominion Freight Line, Inc*., 2020 WL 1515621, fn.3 (W.D. Wash. Mar. 30, 2020).

The same reasoning extends to a "duplicate" of an original.   "A 'duplicate' means a counterpart produced by a mechanical, photographic, chemical, *electronic*, or other equivalent process or technique that *accurately reproduces the original*."

---

[5] In the Ninth Circuit, "records a business receives from others are admissible under Federal Rule of Evidence 803(6) when those records are kept in the regular course of that business, relied upon by that business, and where that business has a substantial interest in the accuracy of the records."   *MRT Const. Inc. v. Hardrives, Inc*., 158 F.3d 478, 483 (9th Cir. 1998).

1    Fed. R. Evid. 1001(e) (emphasis added).  To preclude admission of a duplicate to

2    the same extent as an original, the party seeking to oppose its admission must raise

3    a genuine question "about the original's authenticity or the circumstances make it

4    unfair to admit the duplicate."  Fed. R. Evid. 1003; *see also SMC Networks Inc. v.*

5    *Hitron Techs. Inc.*, 2013 WL 12119662, *3 (C.D. Cal. Nov. 13, 2013) ("Defendants

6    have failed to raise a genuine question about the originals' authenticity or note

7    circumstances that make it unfair to admit these documents if indeed they are

8    duplicates.") (citing *U.S. v. Childs*, 5 F.3d 1328, 1335 (9th Cir. 1993), for affirming

9    district court's admittance of duplicates under Rule 1003 because there was no

10   evidence that the documents were altered).

11        The Schedule to the Pool Supplement by which plaintiff's Loan was sold by

12   GMAC Bank is a native .xls Microsoft Excel file containing tens of thousands of

13   cells of data relating to over a thousand individual loans.  Accordingly, TSI copied

14   the cells of data specific to plaintiff's Loan in order to print that electronically stored

15   information to the Schedule Excerpt as a .pdf, *i.e.*, a "printout."  *See* ECF 67-1,

16   Exh. 10; *see also* Fed. R. Evid. 1001(d).  Plaintiff did not (and cannot) dispute the

17   *accuracy* of that information, which corresponds to and matches details in the other

18   documents related to plaintiff's Loan.  Respectfully, the Court's characterization of

19   the Schedule Excerpt as "a document created from scratch by Transworld" is both

20

1    factually inaccurate and contrary to the Federal Rules of Evidence.  Summary

2    Judgment Order at p. 13.

3        Recognizing the complexity of issues regarding electronically stored

4    information, TSI attached that information to the Luke Decls. in two forms—the

5    Schedule Excerpt and the Screenshot—to avoid any confusion about its source,

6    nature, and form.  Further, TSI offered to permit the Court to review the Schedule

7    *in camera* to address any potential questions or concerns the Court might have

8    regarding the accuracy of the printouts.  Plaintiff does not dispute receipt of the

9    Schedule Excerpt, which is merely the information in the Schedule specific to

10   plaintiff's loan in an "output readable by sight."  Fed. R. Evid. 1001(d).  Plaintiff's

11   arguments that the Schedule Excerpt was prepared for purposes of litigation is

12   disingenuous.  TSI's further production of the Screenshot only *confirms* the

13   accuracy and authenticity of the Schedule Excerpt, and the Schedule Excerpt is

14   admissible as a business record.  *See Jones*, 925 F.3d at 540.

15       Alternatively, the Schedule Excerpt is admissible as a "duplicate" where the

16   data was electronically copied and pasted and "accurately reproduces the original."

17   *See* Fed. R. Evid. 1001(e); *see also*, *e.g.*, *United States v. Arnold*, 696 F. App'x 903,

18   907 (10th Cir. 2017) ("Rule 901 provides that the party offering a piece of evidence

19   can establish that the evidence 'is what the proponent claims it is' simply by

20   presenting the testimony of a witness with knowledge that the 'item is what it is

claimed to be.'  Fed. R. Evid. 901(a), (b)(1).  Here, Haley testified that he received the original text messages from Arnold and that he personally copied the contents from his text messages into another document.  Haley also testified as to the general time frame and the order of events that occurred when he received particular messages and groups of messages.   Haley's testimony satisfied Rule 901.  Moreover, whether the jury believed that Haley accurately copied and pasted the contents of the text messages goes to the weight of the evidence, not its admissibility.").  In either case, the Screenshot and Schedule Excerpt are admissible electronically stored information.

> **2.** **Even If The Screenshot And Schedule Excerpt Were Not In Admissible Form, They Were Sufficient For TSI To Survive Summary Judgment.**

Even if the Court were to find the Screenshot and Schedule Excerpt were not in admissible form on summary judgment, plaintiff did not prove the underlying electronically stored information could not have been admissible at trial.  Accordingly, the Court went too far in granting summary judgment for plaintiff rather than denying both cross-motions and setting the case for trial.

On a motion for summary judgment, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).  "A party may object that the material cited to support or dispute a fact *cannot* be presented in a form that *would be* admissible in evidence."  Fed. R. Civ. P. 56(c)(2) (emphasis added).  "To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."  *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001).

"In other words, when evidence is not presented in an admissible form in the context of a motion for summary judgment, but it may be presented in an admissible form at trial, a court may still consider that evidence. … Summary judgment is not a game of 'Gotcha!' in which missteps by the non-movant's counsel, rather the merits of the case, can dictate the outcome."  *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) (internal citation omitted).  Indeed, as the Ninth Circuit has held, "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form.  We instead focus on the admissibility of its contents."  *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block*, 253 F.3d at 418–19).  To be clear, "in order to prevail on [] evidentiary objections, [the party objecting] must show that the evidence 'cannot be presented in a form that would be admissible in evidence.'"  *dela Cruz v. DeJoy*,

1    No. 19-CV-01140-DMR, 2022 WL 2668378, *2 (N.D. Cal. July 11, 2022).

2         Plaintiff here made no showing that TSI would be unable to introduce the

3    evidence in the Screenshot and Schedule Excerpt in an admissible form at trial.  For

4    example, TSI could have presented testimony at trial from GMAC Bank or NCF to

5    authenticate the information in the Screenshot and Schedule Excerpt.  TSI's trial

6    witness could have testified in further detail regarding TSI's ability to lay a

7    foundation for the admissibility of that evidence.  Indeed, there are numerous ways

8    that same information could have been offered in some other admissible form at

9    trial.

10        Critically, the *content* of the Screenshot and Schedule Excerpt clearly relate

11   to and identify plaintiff's Loan.  As Subservicer and record custodian for NCSLT

12   2006-4, TSI offered testimony regarding the sale and transfer of plaintiff's Loan via

13   the Pool Supplement and Deposit and Sale Agreement.  Moreover, numerous other

14   courts have held this same evidence admissible and dispositive of claims like

15   plaintiff's.  *See*, *e.g.*, *Taylor v. Nat'l Collegiate Student Loan Tr. 2007-1*, 2021 WL

16   673458, *6–7 (D. Utah Feb. 22, 2021) ("Mr. Luke testified through affidavit that

17   he is the designated records custodian for NCSLT, that TSI is the designated records

18   custodian of Mr. Taylor's loan, that Mr. Luke had personal knowledge of the

19   business records maintained by TSI, and that the student loan records were 'created,

20   compiled and recorded as part of a regularly conducted business activity at or near

the time of the event and from information transmitted from a person with personal knowledge.'  Accordingly, Mr. Luke's testimony satisfies the requirements of Rule 803(6), and NCSLT's evidence of schedule 1 is admissible."); *see also Snarr v. Transworld Sys., Inc.*, 2022 WL 2475688, *3 (D. Utah July 6, 2022) ("Critically, the 'Roster'—which Mr. Motin represented in his affidavit is an excerpt of Schedule 1 to the Pool Supplement—lists a single Bank One 'Ed One – Undergraduate' loan that has the same loan number (03885764), last four social security number digits, date, and amount as those in Mr. Snarr's loan agreement and note disclosure statement.  Uncontroverted record evidence thus demonstrates that Mr. Snarr's loan was included in the Pool Supplement transferring the student loans set forth in 'Schedule 1' from JPMorgan Chase Bank (Bank One's successor by merger) to The National Collegiate Funding LLC and also in the subsequent Deposit and Sale Agreement transferring those same loans from The National Collegiate Funding LLC to the Trust.  That is sufficient to establish ownership.") (internal citations omitted).

At a minimum, TSI offered sufficient evidence to survive summary judgment, even if the Court found the Screenshot and Schedule Excerpt to have been offered in an inadmissible form.

### 3.    The Screenshot and Schedule Excerpt Are Not Hearsay.

Plaintiff's claim in this case is that documents regarding NCSLT 2006-4's

ownership of his Loan *do not exist*, TSI knew those documents *did not exist*, but TSI had him sued anyway.  *See* FAC at ¶ 33; *see also* Summary Judgment Order at p. 3 (Plaintiff "disputes *the existence of documentation* showing that his student loan was included in that sale.").  The only evidence the Court found lacking in the Summary Judgment Order is that which showed "Lizarraga-Davis's loan was included in the loan pool sold to The National Collegiate Funding LLC, and ultimately to NCSLT 2016-4, on December 7, 2007."

In other words, the Court held there was no evidence plaintiff's Loan was included on the Schedule.  That is plainly not true.  TSI produced printouts demonstrating plaintiff's Loan was included in the sale of loans pursuant to the Pool Supplement, *i.e.*, the purportedly "missing" evidence.  This case is not a collection action against plaintiff.  Rather, plaintiff—who has already avoided paying back the student loan *he admits he borrowed and defaulted on*—has alleged documents do not exist.  He offered <u>no evidence</u> to prove that claim, but merely challenged the *admissibility* of TSI's evidence.

Accordingly, the Screenshot and Schedule Excerpt are not hearsay at all. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801.  Here, the Screenshot and Schedule Excerpt are not hearsay to the extent they are offered to prove their

*existence* even if not the truth of the matter therein, *i.e.*, the specific details regarding plaintiff's Loan.  *See United States v. Castro*, 887 F.2d 988, 1000 (9th Cir. 1989) ("The TRW reports were introduced **to show what information was available** to Castro at the time he approved the loans … The credit reports were not introduced for the truth of their contents.  They were not hearsay.").

## IV.    CONCLUSION

For the above and foregoing reasons, the Court should grant TSI's Motion and permit TSI to file a motion for reconsideration of the Summary Judgment Order.

Dated:  August 30, 2022                    Sessions, Israel & Shartle, L.L.P.

*/s/Debbie P. Kirkpatrick*
Debbie P. Kirkpatrick
Attorneys for Defendant
Transworld Systems Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 30, 2022, I electronically filed the foregoing **Notice of Motion and Motion for Leave to File Motion for Reconsideration; Memorandum of Points and Authorities in Support** with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: 8/30/2022                                    SESSIONS, ISRAEL & SHARTLE, L.L.P.


                                                    */s/Debbie P. Kirkpatrick*
                                                    Debbie P. Kirkpatrick
                                                    Attorney for Defendant
                                                    Transworld Systems Inc.