Erika Heath (SBN 304683)
Erika Heath, Attorney At Law
369 Pine St., Ste. 410
San Francisco, CA 94104
Tel.:   (415) 426-7850
erika@heathlegal.com

Attorney for Plaintiff
OSKAR LIZARRAGA-DAVIS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSKAR LIZARRAGA-DAVIS,<br>    Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.;<br>    Defendant. | Civil Action No. 5:18-cv-4081-BLF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>No hearing set |

## I. INTRODUCTION

The Court should deny the motion for reconsideration filed by Defendant Transworld Systems, Inc. ("TSI"). TSI cannot show this case is one of the rare instances where such extraordinary relief is appropriate.

First, and most fundamentally, the Court did not manifestly fail to consider legal arguments presented to it, as would be required for such relief. In fact, not a single one of TSI's three arguments was *ever* presented to this Court until now.

Second, even if the Court were to examine the merits of TSI's arguments, its arguments do nothing to change the Court's substantive analysis in the summary judgment order. Remarkably, TSI's motion does not even recognize that the Court excluded the Screenshot[1] under Fed. R. Civ. P. 37(c)(1) for its discovery violations. None of TSI's general arguments regarding admissibility overcome Rule 37(c)(1)'s exclusionary provision. Nor do TSI's new evidentiary theories escape the fact that its Schedule Excerpt[2] would be inadmissible hearsay at trial because it was prepared for purposes of litigation.

## II. BACKGROUND

As is detailed throughout the briefing in this case, TSI has a long history of commencing debt collection litigation against consumers without possessing adequate documentation to prove ownership of the accounts it collects, in violation of the Fair Debt Collection Practices Act ("FDCPA"). These actions have led to enforcement actions by state and federal agencies. (*See* Order Granting Plaintiff's Motion for Partial Summary Judgment; and Denying Defendant's Motion for Summary Judgment ("MSJ Order") [ECF 75], at 5.) In this action, Mr.

---

[1] For whatever reason, TSI now refers to this page as the "Screenshot." In the summary judgment order, it was identified as the "redacted excerpt." For consistency in this motion, Plaintiff will use the term "Screenshot."

[2] To avoid confusion, Plaintiff will use TSI's current terminology, but this document was referred to as the "Roster" in the summary judgment order.

Lizarraga-Davis alleges that TSI violated the FDCPA when it sued him in state court without proof of ownership of his debt. (*Id*. at 8.)

On July 15, 2022, this Court entered an order on the parties' cross-motions for summary judgment, denying TSI's motion for summary judgment, and granting Mr. Lizarraga-Davis' motion for partial summary judgment. (*See generally id.*). A key issue at summary judgment was "Schedule 1," which was purportedly a list of all loans transferred from GMAC Bank to The National Collegiate Funding LLC. To be clear, there was no document identified as "Schedule 1" in evidence. But TSI argued that the last two pages of its Exhibit 5 proved Mr. Lizarraga-Davis' loan was included in Schedule 1. (*Id*., at 11.) Those last two pages consisted of (1) a single-page from a redacted Excel spreadsheet, which TSI now identifies as the "Screenshot," and (2) a page that purportedly contains details of only Mr. Lizarraga-Davis' loan, which TSI identifies as the "Schedule Excerpt." (*See id*., at 11-14.)

**The Screenshot**. Citing Fed. R. Civ. P. 26(a)(1)(A)(ii) and 37(c)(1), the Court determined that the Screenshot could not be used by TSI because it was not produced in discovery. The Court noted that it was "startling, to say the least, that Transworld failed to produce in discovery the crucial document," and that "Transworld's failure to produce Schedule 1 is particularly surprising given the backdrop of administrative actions, investigations, and civil lawsuits addressing its loan collection practices." (*Id*., at 12-13.) Because TSI violated its discovery obligations, and "[t]hat violation was neither harmless nor justified," the Court concluded that TSI could not admit the Screenshot into evidence.

**The Schedule Excerpt**. After reviewing the deposition testimony of Bradley Luke, the Court concluded that "his deposition testimony makes clear that the [Schedule Excerpt] is not actually an excerpt of Schedule 1 at all, but rather is a document created from scratch by Transworld after Lizarraga-Davis's loan was placed with the law firm P&F for collection." (*Id*., at 13.) Because the document was prepared for purposes of litigation, TSI could not show that it met the business records exception to the hearsay rule. (*Id*., at 13-14.)

## III. LEGAL ARGUMENT

"Reconsideration of a prior ruling is an 'extraordinary remedy, to be used sparingly.'" *Brewer v. Gen. Nutrition Corp.*, No. 11-CV-3587 YGR, 2015 WL 5441026, at *1 (N.D. Cal. Sept. 15, 2015) (quoting *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000)); As a result, "[m]otions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court." *Davis v. Marin Cnty. Jail*, No. C 03-4334RMWPR, 2008 WL 5158929, at *1 (N.D. Cal. Dec. 9, 2008) (citing *Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.1981)).

Keeping in mind the extraordinary nature of reconsideration, it is appropriately granted only in limited circumstances, such as when there has been a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *Denicolo v. Viking Servs.*, No. 19-CV-00210-YGR, 2020 WL 6318723, at *1 (N.D. Cal. Oct. 27, 2020). A litigant's general "disagreement with the legal conclusions of the Court are not a basis for reconsideration." *Trinidad v. Alameida*, No. C 02-3452 MMC(PR), 2003 WL 1699342, at *3 (N.D. Cal. Mar. 25, 2003).

Here, TSI asserts the Court failed to consider three legal arguments, none of which were previously raised. It therefore cannot be said that the Court manifestly failed to consider these arguments "which were presented to the Court" before the summary judgment order. *See Denicolo*, 2020 WL 6318723, at *1–2 (reconsideration inappropriate when the debt collector did not raise an issue at summary judgment). But even considering the merits of the arguments, they simply do not affect the outcome of the MSJ Order because they fail to resolve the key issues decided by the Court.

### A. TSI's Motion Fails To Address A Key Aspect Of The Summary Judgment Order

Before addressing each of TSI's arguments, it is important to note a glaring omission in TSI's motion. Although TSI makes several arguments about how the Screenshot should be

3

admissible, it never recognizes the actual reason it was excluded from evidence was because of its own discovery violation. As the Court noted, Rule 37(c)(1) is clear that "[i]f a party fails to provide information… as required by Rule 26(a) or (e), the party is not allowed to use that information… to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (MSJ Order, at 12-13.)

None of TSI's arguments regarding the admissibility of the Screenshot (e.g., that it is admissible electronically stored information) can overcome the simple fact that it failed to produce the document throughout the years-long discovery process in this case. As a result, TSI's arguments as to admissibility of that document do not change the ultimate outcome of the MSJ Order.

Moreover, not only does TSI brazenly ignore the Court's finding as to the Screenshot, but it continues to rely on the Screenshot in support of its motion. Remarkably, TSI makes repeated references to the Screenshot as if the Court's Rule 37 analysis never happened. (Def's Mot., at 14 ("TSI's further production of the Screenshot only confirms the accuracy and authenticity of the Schedule Excerpt"), 17 ("TSI could have presented testimony at trial from GMAC Bank or NCF to authenticate the information in the Screenshot… Critically, the content of the Screenshot and Schedule Excerpt clearly relate to and identify plaintiff's Loan"). Given its discovery violation, as found by the Court, TSI should not be able to continue to rely on the document, especially as a touchstone of "accuracy and authenticity" – as described by TSI. *See* Fed. R. Civ. P. 37(c)(1) ("the party is not allowed to use that information… to supply evidence on a motion").

**B.   The Electronically Stored Nature of the Documents Do Not Make Them Admissible.**

TSI's first new argument is that its Screenshot and Schedule Excerpt are both admissible as electronically stored information (ESI), citing the best evidence provisions of Fed. R. Evid. 1001 *et seq.*, and ignoring that even the best evidence can be excluded as hearsay.

To start, this argument was not "presented to the Court before" the summary judgment order. In fact, TSI's only reference to the admissibility of these documents during summary judgment briefing was that the exhibit "Exhibit 5 is admissible under the business records exception to the hearsay." (ECF 69, at 3.) At no point did TSI argue that they were admissible as electronically stored information; nor did it ever cite to Fed. R. Evid. 1001 and 1003.

Even if TSI timely raised the ESI argument, however, it is still a nonstarter because this is not a best evidence issue, it is a hearsay issue. First, it is doubtful that the Schedule Excerpt is a "duplicate" under rule 1001(e). A "duplicate" is intended to refer to documents such as photocopies and the like, but "[c]opies subsequently produced manually, whether handwritten *or typed*, are not within the definition." Fed. R. Evid. 1001(4) advisory committee's note (emphasis added). Here, as the Court noted from Mr. Luke's deposition testimony, the Schedule Excerpt was "created from scratch by Transworld" as it was preparing for litigation, which hardly seems like the kind of "duplicate" contemplated by Rule 1001(e).

Secondly, even assuming the document were a "duplicate," it does not automatically follow that it becomes admissible. "A duplicate is admissible [only] *to the same extent as the original* unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003 (emphasis added). Here, as pointed out above and as overlooked by TSI, the Screenshot (the purported original) is not admissible because of TSI's discovery violations. Plaintiff was unable to conduct discovery as to its authenticity or the circumstances of its creation. Rule 1003 therefore does not extend any admissibility properties over to the Schedule Excerpt even in the unlikely event it fell under the scope of "duplicate" in Rule 1003.

Moreover, regardless of the best evidence to present the documents (original or duplicate), the documents remain hearsay that must overcome the business records exception to be admissible, as TSI concedes in its footnote 5. (Def.'s Mot., at 12 n. 5 (quoting *MRT Const. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998)).) As the Court properly noted in the MSJ Order, TSI cannot avail itself of the business records exception to introduce the Schedule

Excerpt into evidence because it prepared the document from "scratch" for purposes of litigation. (MSJ Order, at 13.)

In support of its approach, TSI cites the case of *United States v. Arnold*, 696 F. App'x 903, 907 (10th Cir. 2017). But *Arnold* is inapposite because it was solely about authentication. The question was whether a recipient of text messages, who copied and pasted them into a new document, could properly authenticate them. Because the recipient of the text messages testified, the Court did not address any hearsay or business records issues, which was the basis for excluding the Schedule Excerpt here. Moreover, other courts have taken a different approach as to copy-and-pasted documents. *See Clark v. Time Inc.*, 242 F. Supp. 3d 1194, 1206 (D. Kan. 2017) ("Plaintiff's copy-and-paste document is not the best evidence, and thus is inadmissible.").

In short, whether the Schedule Excerpt is a "duplicate" under Rule 1003 or not, is immaterial. The Court did not exclude the document based on the best evidence rule, but on hearsay grounds.

### C. The Issue In The MSJ Order Is Not Whether The Documents Were In "Admissible Form," They Are Simply Not Admissible Period.

TSI's second new argument is that "plaintiff did not prove the underlying electronically stored information could not have been admissible at trial." Again, this argument is wide of the mark, as it ignores entirely the reasoning behind the MSJ Order.

To start again, as with its first its argument, TSI never raised this argument in its summary judgment briefing. The parties extensively briefed the admissibility of these documents during summary judgment, and TSI never suggested that trial admissibility could be different. Because this argument was not "presented to the Court before" the summary judgment order, it simply cannot be said that the Court manifestly failed to consider it.

But TSI's argument also ignores the central holding from the MSJ Order. As TSI concedes, "when evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

consider that evidence." (Def.'s Mot., at 16 (quoting *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006)) (emphasis added).) But the nature of the Court's evidentiary rulings inherently means that these two documents cannot be presented in an admissible form at trial. Specifically, the Screenshot was excluded based on TSI's discovery violations, and Rule 37(c)(1) on its face continues to bar the admission of that evidence at trial. Moreover, the Schedule Excerpt was excluded because it was prepared for purposes of litigation – the creation of the document is simply not something that can change by the time of trial.

Illustrating how much it misunderstands the MSJ Order, TSI insists that "TSI could have presented testimony at trial from GMAC Bank or NCF to authenticate the information in the Screenshot and Schedule Excerpt." (Def.'s Mot., at 17.) But the issue here is not authentication, it is TSI's discovery violations and the creation of a document for purposes of litigation – no amount of authentication can change those evidentiary rulings at trial to make these documents admissible.

### D. The Issue In The MSJ Order Is Not Whether The Documents Were In "Admissible Form," They Are Simply Not Admissible Period.

TSI's third and final new argument is that the Screenshot and Schedule Excerpt are not hearsay because they were not being offered for the truth of the matter.

Yet again, TSI never raised this argument in its summary judgment briefing. In fact, TSI's argument concerning these documents was that they were admissible under the business records exception to hearsay. (*See e.g.*, ECF 68, at 13 ("the assignment documents are admissible and have been sufficiently authenticated as business records."), and ECF 69, at 3-4 ("Exhibit 5 is admissible under the business records exception to the hearsay rule").) Because this argument was also not "presented to the Court before" the summary judgment order, it simply cannot be said that the Court manifestly failed to consider it.

To be sure, the argument also lacks merit. "The central dispute in this case is ownership of Lizarraga-Davis's loan." (MSJ Order, at 12.) TSI asserted that all loans included in Schedule 1 were included in the transfer, and that Mr. Lizarraga-Davis' appeared in Schedule 1.

(ECF 68, at 15.)  Thus, the truth of the information in the purported Schedule 1 documents is the heart of the matter.  Further illustrating that these documents were submitted for the truth of the matter asserted therein, TSI often relies on the asserted truth of that information in this legal argument.  (*See e.g.*, Def's Mot., at 13 ("Plaintiff did not (and cannot) dispute the accuracy of that information, which corresponds to and matches details in the other documents related to plaintiff's Loan."); *see also* ECF 68 ("Plaintiff cannot credibly challenge the trustworthiness of the information in the schedule excerpt.").)  The case of *United States v. Castro*, is inapposite because the accuracy of the credit reports was never at issue.  887 F.2d 988, 1000 (9th Cir. 1989).

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration should be denied in its entirety.

Dated: September 9, 2022       ERIKA HEATH, ATTORNEY AT LAW

*/s/ Erika Heath*
Erika Heath
Attorney for Plaintiff
OSKAR LIZARRAGA-DAVIS