UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OSKAR LIZARRAGA-DAVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TRANSWORLD SYSTEMS INC.,<br><br>　　　　　Defendant. | Case No. 18-cv-04081-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 80] |

Defendant Transworld Systems Inc. ("Transworld") seeks reconsideration of the Court's Order Granting Plaintiff's Motion for Partial Summary Judgment on Liability; and Denying Defendant's Motion for Summary Judgment ("MSJ Order"). *See* MSJ Order, ECF 75. The motion is brought pursuant to Civil Local Rule 7-9 and Federal Rule of Civil Procedure 54(b). Plaintiff Oskar Lizarraga-Davis ("Lizarraga-Davis") has filed opposition. The Court finds the motion suitable for decision without oral argument. *See* Civ. L.R. 7-1(b).

The motion is DENIED for the reasons discussed below.

**I.　LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In this district, a Rule 54(b) motion for reconsideration must satisfy additional requirements, set forth in Civil Local Rule 7-9(b). Specifically, reconsideration may be sought only if one of the following circumstances exists:

(1) That . . . a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

## II. DISCUSSION

Transworld does not specify which subsection of Civil Local Rule 7-9(b) applies here. Instead, Transworld asserts three freestanding arguments in support of its motion, leaving the Court to guess how those arguments might warrant reconsideration under Civil Local Rule 7-9(b). Transworld also argues that the Court could ignore the requirements of this district's Civil Local Rules and exercise its inherent authority to grant the relief requested. None of these arguments warrants reconsideration of the MSJ Order, as discussed below.

### A. Argument that Documents are Admissible ESI

Transworld first argues that the Court should not have sustained Lizarraga-Davis's objections to two documents – the redacted excerpt of Schedule 1 and the Roster[1] – because those documents were admissible as originals of electronically stored information ("ESI"). The Court excluded the redacted excerpt of Schedule 1 pursuant to Federal Rule of Civil Procedure 37(c)(1), finding that Transworld failed to produce it in discovery and that the failure was not substantially justified or harmless. *See* MSJ Order at 13. The Court excluded the Roster as hearsay, finding that it does not fall within the business records exception. *See id*. at 14. Transworld now argues that those evidentiary exclusions were erroneous under the rules governing ESI, citing to Federal Rules of Evidence 1001 and 1003, McCormick on Evidence, and half a dozen federal cases. *See* Def.'s Mot. at 11-15, ECF 80.

---

[1] The Court refers to the documents at issue as "the redacted excerpt of Schedule 1" and the "Roster," which are the terms used in the MSJ Order. Transworld refers to the documents as "the Screenshot" – a term not previously used by the Court or the parties – and "the Schedule Excerpt."

This argument was not presented to the Court in Transworld's summary judgment briefing. The Court therefore understands Transworld to be seeking relief under Civil Local Rule 7-9(b)(1), which permits reconsideration based on "a material difference in fact or law" than was presented to the Court before entry of the order as to which reconsideration is sought. Under Civil Local Rule 7-9(b)(1), the party seeking relief "must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Civ. L.R. 7-9(b)(1). Transworld has made no effort to satisfy this diligence requirement. Nor could Transworld credibly argue that in the exercise of reasonable diligence it did not know the facts and law underpinning its current argument before the Court issued the MSJ Order. Consequently, Transworld's argument and authorities regarding ESI do not provide a basis for reconsideration.

**B.  Argument that Information could be Presented in Admissible Form**

Transworld next argues that even if the redacted excerpt of Schedule 1 and the Roster were inadmissible, the information contained therein could be presented in admissible form and therefore the Court should not have granted Lizarraga-Davis's motion for summary judgment on liability. "If the contents of a document can be presented in a form that would be admissible at trial – for example, through live testimony by the author of the document – the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021).

In making this argument, Transworld ignores the fact that the redacted excerpt of Schedule 1 was excluded under Rule 37(c)(1) based on Transworld's failure to produce it in discovery. Rule 37(c)(1) provides that where a party fails to comply with its discovery obligations, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court found in its MSJ Order that Transworld's failure to produce the redacted excerpt of Schedule 1 was not substantially justified or harmless. *See* MSJ Order at 13. Just like its argument at summary judgment, Transworld again fails to substantiate with any evidence counsel's assertion that Schedule 1 was produced in discovery. This inexplicable failure dooms

3

Transworld's argument. Because Transworld may not use the information contained in the redacted excerpt of Schedule 1 on a motion or at trial, it could not be considered on summary judgment.

With respect to the Roster, once Lizarraga-Davis raised a hearsay objection, the burden was on Transworld to either show that the Roster was admissible as presented or explain how the information contained therein could be presented in admissible form. *See Rockstrom v. Spokane Cnty., Washington*, No. 2:18-CV-197-RMP, 2019 WL 5256920, at *1 (E.D. Wash. Apr. 24, 2019) ("If a party objects to evidence presented on a motion for summary judgment, it functions much like an objection at trial; that is, the burden is on the proponent to show that the evidence is admissible as presented or can be presented in an admissible form."); *see also* Advisory Committee Notes, 2010 Amendment, to Fed. R. Civ. P. 56 ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."). Transworld attempted to show that the Roster was admissible it its current form as a business record, and the Court rejected that argument. Transworld simply disagrees with the Court's ruling. However, Transworld's disagreement with the Court's evidentiary ruling is not a basis for reconsideration under any of the subsections of Civil Local Rule 7-9(b).

Transworld did not previously make the argument it advances now, that the Roster could be presented in admissible form. Consequently, in order to obtain reconsideration based on that argument Transworld must show that in the exercise of reasonable diligence it could not have made that argument prior to issuance of the MSJ Order. *See* Civ. L.R. 7-9(b)(1). Transworld has not made that showing. Even now, Transworld does not explain how the information contained in the Roster could be presented in admissible form. Transworld asserts that "there are numerous ways that same information could have been offered in some other admissible form at trial." Def.'s Mot. at 17, ECF 80. However, the only specific suggestion Transworld offers is that witnesses could be called to authenticate the Roster. *See id*. This suggestion misses the mark, as the Roster was not excluded for lack of authentication.

### C.     Argument that Documents are Non-Hearsay

Transworld next argues that the redacted excerpt of Schedule 1 and the Roster were

admissible non-hearsay because they were offered to prove their existence rather than the truth of their contents. As noted above, the redacted excerpt of Schedule 1 was excluded under Rule 37(c)(1) based on Transworld's failure to produce it in discovery. That ruling precludes Transworld's reliance on the redacted excerpt of Schedule 1 whether or not it is hearsay. With respect to the Roster, Transworld did not present this argument in opposition to Lizarraga-Davis's hearsay objection and has not demonstrated that in the exercise of due diligence it could not have done so as required for relief under Civil Local Rule 7-9(b)(1). Moreover, Transworld's argument lacks merit. The Roster was offered to show that Transworld's principal acquired Lizarraga-Davis's student loan and that Transworld had adequate documentation of that acquisition when it engaged in collection efforts on the loan. That showing depended on the truth of the loan information summarized in the Roster.

**D.      Argument that the Court should Exercise its Inherent Authority**

Perhaps recognizing that it cannot establish entitlement to reconsideration under Civil Local Rule 7-9(b), Transworld cites *SA Music* for the proposition that the Court retains inherent authority to grant reconsideration even absent compliance with that rule. *See SA Music LLC v. Apple, Inc.*, No. 3:20-CV-02146-WHO, 2022 WL 1814148, at *1. While *SA Music* does state that "district courts have the inherent authority to modify interlocutory orders prior to entry of final judgment" even if a motion for reconsideration does not satisfy Civil Local Rule 7-9(b), the decision also emphasizes that in general reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law and any other circumstances warranting reconsideration would be highly unusual." *Id*. (internal quotation marks and citation omitted). The *SA Music* court found that none of those circumstances were present and denied reconsideration. *See id.* at 3-4. This Court likewise finds that Transworld has failed to demonstrate the existence of newly discovered evidence, clear error or manifest injustice, or an intervening change in controlling law. Consequently, the Court declines exercise its inherent authority to grant reconsideration in this case. Transworld was fully aware of the importance of Schedule 1 in this case and had ample opportunity to produce that document in discovery and to

present all of the arguments underpinning its current motion prior to entry of the MSJ Order. Transworld's belated presentation of arguments it could have made earlier does not constitute a basis for reconsideration.

### III. ORDER

(1) Transworld's motion for reconsideration is DENIED.

(2) This order terminates ECF 80.

Dated: September 27, 2022

_____
BETH LABSON FREEMAN
United States District Judge